## LAY *v.* COLLINS.

### Opinion delivered March 18, 1905.

EJECTMENT—AWARDING POSSESSION TO DEFENDANT.—Where in an ejectment suit defendant answered, and asked that her answer be taken as a cross complaint, and that she recover possession, a judgment denying to plaintiff the right to take a nonsuit, and awarding possession to defendant, will be reversed if there was no evidence that plaintiff was in possession of the land.

Appeal from Lincoln Circuit Court, Varner District.

ANTONIO B. GRACE, Judge.

Reversed.

#### STATEMENT BY THE COURT.

In August, 1901, Mrs. F. A. Lay brought this action of ejectment against Mrs. Beulah A. Lay, the widow of her son, Charles Lay, to recover from her the possession of sixty acres of land in the Varner District of Lincoln County.

The defendant appealed, and filed her answer, in which she admitted that the plaintiff was at one time the owner of the land described in her complaint, but she denied that she was the owner at the time the action of ejectment was commenced. On the contrary, she alleged that she was the owner thereof, and entitled to the possession of it. She further alleged that in 1890, when the plaintiff was owner of the land, she conveyed it to C. M. Lay, who afterwards intermarried with the defendant; that the said C. M. Lay took immediate possession of the land, occupying it as his homestead and putting valuable improvements thereon, and holding it adversely as his own until his death; that C. M. Lay died on the 24th day of December, 1900, leaving as his heir-at-law an infant two months old, and his widow, this defendant, the mother of the child; that afterwards the child died, leaving as its only heir at law this defendant, its mother. She also set up the right of homestead in the land and the statute of limitations. She asked that her answer be taken as a cross-complaint, and that plaintiff be required to produce the deed she had executed and delivered to C. M. Lay, and which was still held by her, and that the defendant have and recover judgment for the possession of the land, and one hundred dollars damages; that her title thereto be quieted, and "for other proper, legal and equitable relief."

The case was tried at the August term of the court in 1902. The record recites that "the plaintiff orally moved the court to dismiss her cause without prejudice, which motion the court overruled, and exceptions were noted and saved by plaintiff. Thereupon the cause was called for trial; the court holding that the burden of proof was upon the defendant." There was a trial before a jury, and a verdict and judgment in favor of the defendant. The judgment orders that the defendant "have and recover of plaintiff the title and right to possession of the land described in the complaint and all costs of the action." Plaintiff appealed.

*H. R. Lucas* and *D. H. Rousseau*, for appellant.

It was error to refuse to permit plaintiff to dismiss her action without prejudice. 12 Ark. 760; 26 Ark. 405; 36 Ark. 228; 31 Ark. 345; 30 Ark. 249; 30 Ark. 518; 54 Ark. 525; 44 Ark. 202; 49 Ark. 277. Proof of adverse possession was insufficient. 13 Ark. 143; 16 Ark. 671; 40 Ark. 366; 25 Ark. 490. There was no proof

to sustain the verdict. 7 Ark. 435; 21 Ark. 298; 22 Ark. 54; 28 Ark. 550; 34 Ark. 632.

RIDDICK, J., (after stating the facts.) The first question presented by this appeal is whether the circuit court erred in overruling the motion of the plaintiff to be permitted to take a nonsuit; said notice being made before the case was called for trial. We regret that counsel for appellee have filed no brief, for we have some doubts as to whether the record correctly shows the grounds of the court's ruling on this motion. The plaintiff, under our practice, has the right to control his own action, and may dismiss it without prejudice to a future action at any time before the final submission of the case to the jury. But if the defendant has filed a counterclaim, in which affirmative relief is asked against the plaintiff which entitles her to a judgment against the plaintiff, if the facts alleged in the counterclaim are true, then the plaintiff cannot affect the right of the defendant to a trial of her counterclaim by a dismissal of her complaint. Now, in this case the defendant does ask that her answer be taken as a cross-complaint, and that she recover the possession of the land from plaintiff and $100 damages, though she does not allege that plaintiff was in possession of the land. It is possible that the plaintiff may have got possession of the premises after the commencement of the action, and that may be the reason why she wished to take nonsuit. But before she asked for the dismissal the defendant had filed her answer and counterclaim asking for the recovery of the land. While, as before stated, it does not allege that plaintiff was in possession of the premises, yet, as there was no demurrer, we think it sufficient to sustain the action and judgment of the court, if there was any evidence to show that plaintiff was in possession of the land. If the defendant, and not the plaintiff, is in possession of the land, the defendant by her cross-complaint would be simply trying to obtain at law a judgment quieting her title to the land, and this she cannot do. As there is no evidence to show possession on the part of the plaintiff, the judgment will be reversed, and the cause remanded, with an order that if defendant desires to amend her counterclaim, so as to show that the plaintiff is in possession of the land, she be permitted to do so, and to have a new trial on the issues presented; but if she

declines to make the amendment, the court will permit the plaintiff to dismiss her action without prejudice, and that defendant pay the costs of this appeal.