FORSCHLER v. CASH.

Opinion delivered April 30, 1917.

1. JUDGMENTS—NONSUIT—RES ADJUDICATA.—A nonsuit, whether voluntary or involuntary, does not constitute a judgment upon the merits, and will not support a plea of *res adjudicata*.

2. JUDGMENTS—NON-SUIT AND DISMISSAL WITHOUT PREJUDICE.—Appellant brought an action against appellee and upon stipulation took a nonsuit, the cause being dismissed without prejudice. *Held*, the appellant could bring a suit upon the same cause of action if he acted within the period of limitation.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; reversed.

*David L. King,* for appellants.

1. The former suit was dismissed without prejudice and this suit filed in time. It was error to dismiss. Kirby's Digest, § § 5083, 6167; 121 Ark. 454; 47 *Id.* 120; 35 *Id.* 62; 36 *Id.* 383; Freeman on Judgments, § 261; Black on Judgments, § 703; 23 Cyc. 1151.

2. The matter was not *res adjudicata*. A new party plaintiff was added. 49 Ark. 100; 59 *Id.* 149; Kirby's Digest, § 6002 and cases *supra.*

*John H. Caldwell* and *Lehman Kay,* for appellee.

The case was properly dismissed. There is no bill of exceptions preserving the evidence, and there is nothing before this court. The judgment should be affirmed. 45 Ark. 492; 38 *Id.* 216; 33 *Id.* 830; 52 *Id.* 555; 96 *Id.* 175; 117 *Id.* 154; 41 *Id.* 225; 126 Ark. 469; 59 Ark. 110; 58 *Id.* 399. This is not a new suit, and they are estopped by their agreement and dismissal. The matter is *res adjudicata.* Evidence was heard on the motion to correct the judgment by order *nunc pro tunc,* but this is not preserved by

bill of exceptions. *Supra.* The presumption is that the judgment is right.

### STATEMENT BY THE COURT.

In 1912, B. Forschler brought a suit against D. C. Cash and the Liverpool & London & Globe Insurance Company, to which, in 1913, C. H. Ellis, William Lytle and Abner Hargus were, by permission, made parties defendant. The suit was an action for tort, the complaint alleging that the defendants wantonly, unlawfully and for the purposes of unlawfully and wantonly intimidating and abusing and terrifying the plaintiff, called to their assistance certain well known outlaws and personal enemies of the plaintiff, and that these ruffians, in a threatening manner, proceeded to search for articles in and about the house and premises of plaintiff, and did, by force of arms, take clothing, household goods, watches and other articles belonging to the plaintiff; that the plaintiff was greatly frightened, humiliated and terrified by the outrageous and wanton acts of the defendants.

On the 19th day of July, 1913, the attorneys for the plaintiff and the defendants entered into the following stipulation: "For the purpose of avoiding the making additional costs and the subpoenaing of witness it is hereby stipulated by the parties hereto that the above action shall be dismissed by the plaintiff."

At the September term, 1914, the following order was entered: "On this day comes the parties to this action, by their attorneys, John H. Caldwell and Lehman Kay, and by leave of the court file their motion to dismiss plaintiff's complaint herein. Thereupon, the plaintiff, by his attorneys, Sam M. Meeks and D. L. King, elects to take a nonsuit herein without prejudice against the plaintiff in this cause, which is granted by the court. It is thereupon considered, ordered and adjudged by the court that the plaintiff's cause of action herein be dismissed without prejudice against him at the cost of the plaintiff."

On the 14th day of November, 1914, the present suit was instituted by B. Forschler and Katherine Forschler, his wife. There were no additional allegations to the original complaint that had been filed by B. Forschler, the only change being the addition of the name of his wife, Katherine, as a party plaintiff, and omitting the Liverpool & London & Globe Insurance Company as a party defendant. D. C. Cash did not appear and was not served with process. The other defendants, Ellis, Lytle and Hargus, appeared at the February term, 1916, and filed their motion and amended motion to dismiss the complaint. The court granted their motion to dismiss the complaint, as appears under the following order: "On this day the amended motion of the defendants to dismiss the cause of action herein coming on to be heard, comes the parties by their attorneys, and after hearing the argument of counsel and the examination of the record on this cause and the exhibits to said motion, and being fully and sufficiently advised as to the law arising on said motion, finds in favor of the defendants and sustains said motion to dismiss plaintiff's complaint. Is therefore considered, ordered and adjudged that the plaintiff's complaint and the cause of action herein be and the same is dismissed, and the defendants do have and recover of and from the plaintiff all their costs in this case, and to the ruling and judgment of the court in sustaining said motion and dismissing plaintiff's cause of action herein, the plaintiffs at the time objected and excepted, and to save their objections and their exceptions, asked and obtained leave of the court to have their exceptions noted of record and prayed an appeal from this court to the Supreme Court of the State of Arkansas, which is granted by the court."

Afterwards the counsel of the defendants moved for *nunc pro tunc* order to correct the above judgment of the February term, 1916. The court disposed of this motion for *nunc pro tunc* judgment by an order which recites in part as follows: "After hearing the evidence

and examining the court docket entries made by the presiding judge at said term and at the other terms of this court, and after examining the record judgment as entered of record herein, the court finds that said judg-' ment record as entered of record at said February, 1916, term of this court does not accurately set forth and reflect the judgment of this court as it was rendered at said February, 1916, term, and therefore sustains said motion to correct said judgment record by ordering a *nunc pro tunc,* and hereby orders the following judgment record entered by way of *nunc pro tunc* order, as follows: "On this the 3d day of the February, 1916, term of the Fulton Circuit Court, the amended motion of the defendants to dismiss this cause of action coming on to be heard, and the parties by their respective atneys announcing ready, the court doth consider the same, and after examining the exhibits to said motion, together with the court judgment record and docket entries made and entered in this cause from term to term, and also after hearing the statements of the attorneys of record in this case relative to the merits of said motion and truthfulness of its allegations, together with the statements of the clerk of this court, all of which was considered as evidence in this cause and understood at the time that it was agreed to by both parties that, same should be so considered, this court doth find': First, that this cause of action was filed by plaintiffs in 1912 against D. C. Cash and the Liverpool & London & Globe Insurance Company, and that later plaintiff amended his complaint, making Charles Ellis, William Lytle and Abner Hargus defendants thereto, and still later took a nonsuit at the August, 1914, term of this court, according to the agreement of counsel herein, as against defendants, Charles Ellis, William Lytle and Abner Hargus. The court further finds from the evidence, docket entries and court records herein that this plaintiff refiled this same suit again on November 14, 1914, despite the previous action of this court in dis-

missing said cause, and this is, in fact and in truth, the same cause of action. The court, therefore, sustains said motion herein to again dismiss this cause of action against defendants in accordance with said agreement and previous court judgment hereon. It is therefore considered, ordered and adjudged by the court that the plaintiff's complaint herein against these defendants, Charles H. Ellis, William Lytle and Abner Hargus, be and the same is hereby dismissed," etc.

The appellant duly prosecutes this appeal.

WOOD, J., (after stating the facts). While there is some confusion in the record entries, yet it appears from the judgment roll proper that B. Forschler had instituted a suit in which D. C. Cash, the Liverpool & London & Globe Insurance Company, C. H. Ellis, William Lytle and Abner Hargus were made parties defendant, and at the August term, 1914, the plaintiff by his attorneys elected to take a nonsuit and the cause was dismissed without prejudice and at his cost.

True, the record shows that at the August term, 1913, a stipulation was filed in a case styled "*B. Forschler, Plaintiff,* v. *The Liverpool & London & Globe Insurance Company, Defendants,*" in which the parties agreed that that cause should be dismissed by the plaintiff to save costs. The judgment entry of 1914 showing the disposition of the cause against the insurance company and Cash and the other defendants recites that it was a nonsuit and that the cause was dismissed without prejudice. At a succeeding term of the court the present suit was instituted, in which B. Forschler and Katherine Forschler, his wife, were named as parties plaintiff and the appellees were named as parties defendant. The defendants moved to dismiss the same, and the court, at the February term, 1916, dismissed the present suit under an order which recites as follows: "On this day the amended motion of the defendants to dismiss the cause of action herein coming on to be heard, comes the parties by their attorneys, and after hearing

the argument of counsel and the examination of the records of this cause and the exhibits to said motion, and being fully and sufficiently advised as to the law arising on said motion, finds in favor of the defendants and sustains said motion to dismiss plaintiff's complaint. It is therefore considered, ordered and adjudged that the plaintiff's complaint and the cause of action herein be and the same is dismissed.''

Afterwards, on motion of the defendants, the court corrected this judgment by the *nunc pro tunc* judgment set forth in the statement. But appellees did not attempt to have the court correct the judgment of the court entered at a former term and which, therefore, had become final, showing that in the action which B. Forschler had originally instituted against the appellees a nonsuit had been taken and that cause dismissed without prejudice. The appellees contend that the present suit was the same suit and the same cause of action. and the court so finds in its *nunc pro tunc* judgment.

Conceding, for the sake of argument, that this contention and this finding is correct, it does not follow that B. Forschler would not have the right to maintain this suit. Because in the former action there was a nonsuit and the cause was dismissed without prejudice in August, 1914, and the present suit was begun in November thereafter.

(1-2) Therefore, even though the present suit be for the same cause of action and the same suit as the former, the appellant, B. Forschler, instituted it within the time allowed by the statute. (Sections 5083 and 6167 of Kirby's Digest.) This court has held that a nonsuit, whether voluntary or involuntary, does not constitute a judgment upon the merits and will not support a plea of *res adjudicata. Hallum* v. *Dickinson,* 47 Ark. 120, 125; *Floyd* v. *Skillern,* 121 Ark. 454.

Appellees contend that if a bill of exceptions had been preserved and filed by the appellants that such bill of exceptions would show that the present suit had been

dismissed at a former term by stipulation of the parties, but the appellees, themselves, by a *certiorari,* have brought into the record the judgment entry from which it appears, as already stated, that the original suit instituted by B. Forschler against the appellees was dismissed without prejudice to the plaintiff, plaintiff having elected to take a nonsuit. No bill of exceptions in the present case could have the effect to change that record. Appellees do not, and could not, by their motion to dismiss the present suit, change the effect of the judgment of nonsuit and dismissal without prejudice in the original suit. If this suit was dismissed at a former term by agreement of the parties based upon a consideration, and if this could avail appellees as a defense to the present suit it was a matter to be set up by answer and not by motion to dismiss.

In bringing the present suit, the appellants were clearly within their rights under the law, and the court erred in dismissing same. The judgment is, therefore, reversed and remanded with directions to overrule the motion to dismiss and to reinstate the cause.