Dale Lawrence BENEDICT et ux
*v*. ARBOR ACRES FARM, INC.

78-332                              579 S.W. 2d 605

Opinion delivered April 23, 1979
(Division II)

*Rick A. Beye,* for appellants.

*Crouch, Blair, Cypert & Waters,* for appellee.

FRANK HOLT, Justice. Appellee's deed to the appellants allegedly failed to include a complete legal description of the land (54 acres) purchased, omitting 7.995 acres. Appellee refused to deed the asserted omitted acreage to appellants. When appellants defaulted on their first mortgage payments, held by American Savings & Loan, it sued to foreclose on June 24, 1977, naming both appellants and appellee, the second mortgagee, as defendants. On August 23, 1977, appellee crossclaimed against appellants for default of payments on their purchase money second mortgage. Appellants answered on August 31, 1977. On November 1, 1977, seven days before the trial date, appellants moved for a continuance and cross-claimed against appellee alleging that appellee fraudulently misrepresented the acreage being sold and sought damages. On November 3, 1977, appellants' motion for a continuance was granted, the trial was reset for November 28, 1977, and appellants' cross-claim was dismissed without prejudice by the court, acting *sua sponte.* Upon trial, foreclosure was decreed by the chancellor in favor of American Savings & Loan and the appellee. Appellee then purchased the property at a Commissioner's sale. Thereafter, appellants instituted the present action to recover damages on the same grounds which they had alleged in their dismissed cross-complaint. Appellee answered, sought the return of the matter to chancery to reform the foreclosure decree and moved for a summary judgment, arguing that appellants' claim was barred by *res judicata* in that they had failed to comply with our compulsory counterclaim statute, Ark. Stat. Ann. § 27-1121 Fourth (Repl. 1962), in the prior foreclosure suit. The motion for summary judgment was granted. Hence, this appeal. Appellants assert that the court erred in finding that they failed to comply with the compulsory counterclaim requirements of that statute and in ruling their cause was barred by *res judicata.*

Appellants, conceding that appellee did proceed in the

foreclosure proceeding to the extent necessary to invoke the application of § 27-1121 Fourth, argue that they complied with the statute by filing their pleading on the cross-complaint. They assert that it was within the chancellor's discretion to dismiss their cross-complaint without prejudice, which would permit them to refile their present claim for damages at a later date. Appellee responds that here it filed its motion for summary judgment accompanied by affidavit, which stated that the parties in the preceding case were the same parties as were present before the court below and that the subject matter of that suit was the foreclosure of property which appellants had purchased from appellee in a transaction which resulted in this suit. Appellee argues that, since appellants did not file an affidavit controverting its affidavit, these uncontroverted facts must be taken as true, therefore leaving no question that both parties and the subject matter of the two suits were the same so that *res judicata* precludes a second adjudication on the merits. Also appellee asserts that appellants placed themselves in the position of forcing the chancellor to dismiss their crosscomplaint by waiting until 7 days before the trial date to file their action and that, being aware of the doctrine of *res judicata,* it was incumbent upon appellants to question the ruling of the trial court by appeal in that case. It also contends that a mandatory counterclaim, as here, cannot be dismissed without prejudice; i.e., the dismissal is with prejudice by the very language of § 27-1121 Fourth.

We agree with appellants' contention that § 27-1121 Fourth was complied with by a timely filing of their cross-claim. All the statute requires, by its clear language, is that a defendant "set out in his answer" such a claim, and we have held that when, as here, the original answer was timely filed, a party may amend his answer, within a reasonable time, to include a cross-complaint. *Huffman* v. *City of Hot Springs,* 237 Ark. 756, 375 S.W. 2d 795 (1964). Here we cannot agree with appellee's contention that the statute, by its very language, prohibits dismissal of a cross-claim without prejudice. Neither do we agree with any of appellee's other arguments. We find nothing in the statute to indicate that the legislature intended to alter the general rule allowing the court discretion in dismissal of an action without prejudice. See *May* v.

*Exxon Corp,* 256 Ark. 865, 512 S.W. 2d 11 (1974); and 27 C.J.S. Dismissal and Nonsuit § 73.

To bar a subsequent action, a prior judgment must have been made upon the merits of the case. *Ogden v. Pulaski County,* 189 Ark. 341, 71 S.W. 2d 1052 (1934). Generally, a dismissal without prejudice will not be a bar to a subsequent action on the same cause. *Turner v. Citizens' Bank of Hickory Ridge,* 177 Ark. 586, 9 S.W. 2d 23 (1928); *Forschler v. Cash,* 128 Ark. 492, 194 S.W. 1029 (1917). This is because a dismissal without prejudice is not an adjudication on the merits. See *Forschler v. Cash, supra;* and *Hallum v. Dickinson,* 47 Ark. 120, 14 S.W. 77 (1886). The law of *res judicata* provides that a prior decree bars a subsequent suit when the subsequent cause involves the same subject matters as that determined or which could have been determined in the former suit between the same parties; the bar extends to those questions of law and fact which "might [well] have been but were not presented." *Turner v. State,* 248 Ark. 367, 452 S.W. 2d 317 (1970); and *Olmstead v. Rosedale Bldg. & Supply,* 229 Ark. 61, 313 S.W. 2d 235 (1958).

Appellee relies upon *Shrieves v. Yarbrough,* 220 Ark. 256, 247 S.W. 2d 193 (1952), to support its contention that appellants are barred from bringing the present action. There we held that a subsequent action on the same cause was barred when the appellant had asserted the cause as a counterclaim in a previous suit and then took a voluntary non-suit on the counterclaim. Here appellants did not take a voluntary non-suit. To the contrary, the court, exercising its discretion and acting *sua sponte,* dismissed their claim without prejudice. As a result, there was no opportunity for the issues, the shortage of acreage and resulting damages, raised by the appellants in their cross-claim to be litigated in the previous action.

It was never contended that the court abused its discretion in dismissing appellants' cross-claim without prejudice. In the circumstances, we hold that appellants are not barred from asserting their cause in the present suit, and, therefore, the court erred in finding appellants failed to comply with the compulsory counterclaim requirements of § 27-1121 and in

granting appellee's motion for summary judgment on the ground of *res judicata*.

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and PURTLE, JJ.