CORNING BANK and Bailey BIPPUS *v.*
DELTA RICE MILLS, INC. and UNION PLANTERS
NATIONAL BANK OF MEMPHIS

83-245                                    663 S.W.2d 737

Supreme Court of Arkansas
Opinion delivered February 6, 1984

*Phillip Crego,* for appellant.

*Herb Rule,* for appellee.

P. A. HOLLINGSWORTH, Justice. In early 1983, appellee Delta Rice Mill, Inc. was unable to make payments to farmers who had sold rice to it. On April 4, 1983, appellants filed suit in Craighead Circuit Court against Delta Rice Mill seeking a judgment and return of their rice. This suit was before Judge Gerald Pearson. During the month of April, six other lawsuits were brought against Delta Rice Mill by various individual farmers. These six suits were before Judge David Burnett, a judge of the same circuit. These six lawsuits also named an additional defendant, Union Planters National Bank of Memphis, the other appellee before us.

Delta Rice Mill did not timely answer any of the seven lawsuits. Appellants took a default judgment against Delta Rice Mill on May 16, 1983. Following this, on June 1, 1983, Judge Burnett entered an order consolidating the appellants' suit with the six other suits. Prior to the order of consolidation, the court, on May 19, 1983, had ordered the

rice sold to prevent its deterioration. Appellee Union Planters National Bank of Memphis filed a petition to intervene in the appellants' lawsuit against Delta Rice Mill on June 2, 1983. The court granted intervention on June 30, 1983. This appeal is from that order.

Ark. R. App. P. 2 provides in part that an appeal may be taken to the Arkansas Supreme Court from:

> 1. A final judgment or decree entered by the trial court;

> 2. An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action;

> . . .

*See also* Ark. Stat. Ann. § 27-2101 (Repl. 1979). We do not reach the merits of an appeal if the order appealed is not final. We have held that, "[I]t is well established that before a judgment is final and appealable it must dismiss the parties from the court, discharge them from their action or conclude their rights to the subject matter in controversy." *McIlroy Bank & Trust* v. *Zuber*, 275 Ark. 345, 629 S.W.2d 304 (1982); *Roberts Enter., Inc.* v. *Arkansas Highway Commission*, 277 Ark. 25, 638 S.W.2d 675 (1982). We also held in *Johnson* v. *Johnson*, 243 Ark. 656, 421 S.W.2d 605 (1967) that:

> An appeal will not lie from an interlocutory order relating only to some question of law or matter of practice in the course of the proceeding, leaving something remaining to be done by the court entering the order or by some court having jurisdiction to entertain the same and proceed further therewith.

We have said that a judgment is final if it "discharges a party from the action, [or] operates to divest some right so as to put it beyond the power of the court to place the parties in their former condition after the expiration of the term." *Purser* v. *Corpus Christi State Nat'l Bank*, 256 Ark. 452, 508 S.W.2d 549 (1974). The weight of authority is that an order granting

permission to intervene is not appealable. 15 A.L.R. 2d 336, 377 § 12 (1951). See also, 4 C.J.S. Appeal & Error § 116 (2) (1957).

The granting of Union Planters' motion to intervene leaves something remaining to be done by the court entering the order as required in *Johnson, supra.* Namely, the court must still determine the interest of the appellants in relation to that of Union Planters, Delta Rice Mill, and the other six parties to the consolidated action. In paragraph 16 of the June 30, 1983 judgment, the court stated in part, "but this judgment will not dispose of the issues raised in the cross-claim filed herein by Union Planters National Bank against Delta Rice Mill, Inc. nor dispose of the issued [sic] raised in the action filed by Corning Bank and Bailey Bippus." (Transcript p. 201). When the trial court renders a decision dismissing the parties from the court, discharging them from their action, or concluding their rights to the subject matter in controversy, an appeal would then be in order. Accordingly, this appeal is dismissed.

Dismissed.