BENTON WINDOW AND DOOR LITTLE ROCK
DIVISION, INC., George HUBBLE and Rene D.
CHIOCCHI *v.* Robert GARRETT, Judge, and William
FAUST

86-64                                              718 S.W.2d 438

Supreme Court of Arkansas
Opinion delivered November 3, 1986

*Hilburn, Bethune, Calhoon, Harper & Pruniski, Ltd.*, by: *David M. Fuqua*, and *Dorcy Kyle Corbin*, for appellant.

*Lovell & Arnold*, by: *Gary M. Arnold*, for appellee.

DAVID NEWBERN, Justice. ■ Respondent William Faust brought this action as a shareholder's derivative suit. He named the corporate petitioner and the two individual petitioners, who are corporate directors, as defendants. At the time the suit was brought, Faust was not only a shareholder but was the president of the corporation. Faust brought the action in Saline County which is the county of his residence. The basis for laying venue there is Ark. Stat. Ann. § 27-605 (Repl. 1979) which provides:

> Actions against corporations — An action, other than those in sections 84, 85 and 90 [§§ 27-601—27-603], against a corporation created by the laws of this State may be brought in the county in which it is situated or has its principal office or place of business, or in which its chief officer resides; . . . .

The petitioners seek to prohibit trial of the case in Saline County, contending venue may only be laid in Pulaski County where they reside. We agree with the chancellor that the action was properly brought in Saline County, and thus we deny the writ of prohibition. The petitioners make three arguments.

## 1. No specific statute

The petitioners argue that as there is no specific venue statute with respect to a shareholder derivative suit, Ark. Stat. Ann. § 27-613 (Repl. 1979) should apply. The latter statute provides that actions for which no venue is otherwise specified may be brought where "the defendant, or one of several defendants, resides, or is summoned."

■■ While there is no specific statute on shareholder derivative suits, there is, as noted above, a statute specifying venue in an action against a corporation. Essentially, this argument asks us to ignore § 27-605. The only case cited is *Ozark Supply Company* v. *Glass*, 261 Ark. 750, 552 S.W.2d 1 (1977), in which we pointed out the general statutory policy of accommo-

dating defendants as opposed to plaintiffs but noted that the general policy applies only when there is no statute to the contrary.

## 2. Nominal defendant

The heart of the petitioners' argument is their contention that, although the corporation must be named a defendant in a shareholder derivative suit, it is a defendant in name only because the action ultimately is one on behalf of the corporation. For the proposition that we should look to the true nature of the action to decide appropriate venue the petitioners cite *Atkins Pickle Company, Inc.* v. *Burrough-Uerling-Braswell Consulting Engineers, Inc.*, 275 Ark. 135, 628 S.W.2d 9 (1982). In that case we held that when a complaint contains allegations giving it the character of a local action and others having the character of a transitory action the court may look behind the allegations to determine the "real character" of the action. The wisdom of that decision does not apply in a case such as this. Here we have no sham allegations added to a complaint so as to create applicability of a particular venue statute. Rather, as the petitioners concede, the corporation *must* be named as a defendant in a shareholder derivative action.

It is true that in some instances the requirement of naming the corporation as a defendant may seem technical only, but it is not always so. The initial phase of a stockholder derivative action should have to do with determining the status of the stockholder and whether and when the corporation should be aligned as a plaintiff. That the corporation and the stockholder bringing the action may have, at least for a time, an adversarial relationship is amply demonstrated by the provisions of Ark. Stat. Ann. § 64-223 (Repl. 1980):

Provisions relating to actions by shareholders—

A. No action shall be brought in this State by a shareholder in the right of a domestic corporation unless the plaintiff was a holder of shares or of voting trust certificates therefor at the time of the transaction of which he complains, or his shares or voting trust certificates thereafter devolved upon him by operation of law from a person who was a holder at such time.

B. In any action hereafter instituted in the right of any domestic corporation by the holder or holders of shares of such corporation or of voting trust certificates therefor, the court having jurisdiction, upon final judgment and a finding that the action was brought without reasonable cause, may require the plaintiff or plaintiffs to pay to the parties named as defendant the reasonable expenses including fees of attorneys, incurred by them in the defense of such action.

C. In any such action instituted in the right of a domestic corporation by the holder(s) of less than five percent [5%] of the outstanding shares of any class of said corporation or of voting trust certificates therefor, unless the shares or voting trust certificates so held have a market value in excess of twenty-five thousand dollars [$25,000], the corporation in whose right the action is brought, or any defendant, may move the court for an order, upon notice and hearing, requiring plaintiff to furnish security as hereinafter provided. Such motion may be based upon one [1] or more of the following grounds:

1. That there is no reasonable possibility that the prosecution of the cause of action alleged in the complaint against the moving party will benefit the corporation or its security holders.

2. That the moving party, if other than the corporation, did not participate in the transaction complained of in any capacity.

D. At the hearing upon such motion, the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material: (a) to the ground or grounds upon which the motion is based, or (b) to a determination of the probable reasonable expenses, including attorney's fees, of the corporation and the moving party which will be incurred in defense of the action. If the court determines, after hearing the evidence adduced by the parties at the hearing, that the moving party has established a probability in support of any of the grounds upon which the motion is based, the court shall fix the nature and amount of security to be furnished by the plaintiff for reasonable

expenses, including attorney's fees, which may be incurred by the moving party and the corporation in connection with such action, including (without limiting the foregoing) expenses for which said corporation may become liable pursuant to Section 50 [64-309] of this act. A determination by the court that security either shall or shall not be furnished or shall be furnished as to one [1] or more defendants and not as to others, shall not be deemed a determination of any one [1] or more issues in the action or of the merits thereof. The corporation and the moving party may have recourse to such security in such amount as the court shall determine upon the termination of such action. The amount of such security may from time to time be increased or decreased in the discretion of the court upon showing that the security provided has or may become inadequate or is excessive. If the court makes a determination that security shall be furnished by the plaintiff for the benefit of any one [1] or more defendants, the action shall be dismissed as to such defendant or defendants, unless the security required by the court shall have been furnished within such reasonable time as may be fixed by the court.

E. If any such motion is filed, no pleadings need be filed by the corporation or any other defendant, and the prosecution of such action shall be stayed, until 10 days after such motion shall have been disposed of.

F. A suit filed by a shareholder in the right of a domestic corporation may not be dismissed or compromised without the approval of the court. . . .

It is thus apparent that if a security motion is made by or on behalf of the corporation the suit may not even proceed until after disposition of the motion, and the corporation and the plaintiff may be adversaries up to that point at least.

The petitioners have cited the following language from *Red Bud Realty Co.* v. *South*, 153 Ark. 380 at 397, 241 S.W. 21 at 27 (1922):

. . . [T]he minor stockholder who brings the action in his own name is treated, for the time being, and for the

> purposes of litigation, as the trustee and real representative of the corporation, . . . . Through him, and against them, the *Corporation itself is granted genuine reparation* by way of damages, restitution, or, if need be, dissolution of the Corporation; in fact, all the relief to which the Corporation would be entitled under the circumstances, were the action brought in its name. *The Corporation is* a necessary party to such an action, and is *named and brought in, that appropriate orders may be made not only to protect all the corporate rights, . . .* [Emphasis added by the petitioners.]

The remainder of the final sentence in the quotation is: ". . . but also that through it the rights and equities of individual shareholders may be worked out and preserved." Part, if not all, of this process of working out and preserving the rights and equities of all the stockholders and, we might add, of the corporation, is contemplated as the subject of the preliminary hearing provided in the statute.

▮ Because there is good reason other than pure technicality to name the corporation initially as a defendant, we cannot say that we should regard naming the corporation a defendant as a subterfuge.

### 3. Bad faith or collusion

▮ The petitioners suggest that the respondent's filing of the action in Saline County is analogous to "collusion" for the purpose of laying venue in his home county, citing *Hot Springs Street Railway Company* v. *Henry*, 186 Ark. 1094, 57 S.W.2d 1050 (1933). That case is hardly applicable here. There it was found that one of the named defendants colluded with the plaintiffs to be "found" in Cleveland County so that the Hot Springs Railway Company could be sued as a codefendant there rather than in its home county. Here we do not even have an allegation that the respondent *moved* to Saline County so as to be able to lay venue there, much less that he colluded with anyone for any purpose.

In sum, the petitioners have given us no good reason to ignore the language of § 27-605 which plainly states that a corporation created by the laws of this state may be sued in the county in

which its chief officer resides.

Petition for writ of prohibition denied.