James Burt TAGGART *v.* W.H. MOORE and Polly
MOORE

86-271                                               729 S.W.2d 7

Supreme Court of Arkansas
Opinion delivered May 11, 1987

*Southern, Allen, James & Jones*, for appellant.

*Hoofman & Bingham*, by: *Clifton H. Hoofman*, and *Friday, Eldredge & Clark*, by: *George Pike, Jr.*, for appellee.

JOHN I. PURTLE, Justice. The Pulaski County Circuit Court, Second Division, dismissed appellant's complaint for damages for breach of an alleged oral contract not to collect on a judgment. The trial court dismissed the complaint stating that the action was barred by the doctrines of res judicata and election of remedies and was not in compliance with the opinion of the Court of Appeals in the appeal of a previous action growing out of the

same dispute. The appellant argues four points for reversal: (1) the trial court erred in dismissing the complaint on the doctrine of res judicata; (2) the court erred in dismissing on the doctrine of election of remedies; (3) the court erred in dismissing the case because the appellee did not plead the doctrines of res judicata and election of remedies; and (4) the trial court erred in holding that the Court of Appeals' opinion precluded the present action. For reasons stated herein, we find that none of the four arguments requires reversal.

The history of this case is very complex. The dispute arises out of a judgment obtained by the Moores (appellees) in an action on a contract brought by third parties against both Taggart (appellant) and the Moores in which the Moores had cross-complained against Taggart and other codefendants. The appellant bases his complaint on the allegation that he agreed to cooperate with the Moores in the litigation in return for their promise not to collect any judgment which might be rendered against him. The suit against both Taggart and the Moores proceeded to trial and judgment was entered on September 10, 1981. Judgment was rendered against Taggart on the cross-complaint in the amount of $32,903.16.

The Moores attempted to collect the judgment from Taggart, and he filed a complaint in the Pulaski County Chancery Court on February 18, 1982, in which he sought to enjoin enforcement of the judgment based upon the alleged oral agreement not to enforce the judgment. (This judgment has subsequently been paid by the appellant.) The complaint was amended twice. The answers raised several defenses, including lack of jurisdiction, limitations, laches, estoppel, and res judicata. On May 24, 1982, the chancery court transferred the case to circuit court upon the motion of appellees. Notice of appeal from the order of transfer was filed on June 4, 1982.

The appellant stood upon his pleadings after the case had been transferred to the circuit court. The Moores moved for dismissal, and on June 25, 1982, the circuit court dismissed the complaint. The court dismissed the complaint stating that it had no jurisdiction to enjoin enforcement of the judgment and that the remedy sought "is a separate remedy independent of the action giving rise to the judgment itself; such action . . . is a chancery

matter. . . ." Notice of appeal was given on July 1, 1982.

The Court of Appeals affirmed on May 4, 1983. See *Taggart* v. *Moore*, 8 Ark. App. 160, 650 S.W.2d 590 (1983). Rehearing denied at 164. The Court of Appeals stated that the appellant was entitled to be heard and concluded that the proper forum was the court which entered the original judgment, "but only upon pleadings and a prayer for relief which that court is authorized to grant pursuant to Rule 60(c)(4), Rule 60(d), Rule 60(j) and Rule 62(b), Arkansas Rules of Civil Procedure." Upon petition for rehearing, the Court of Appeals noted again that after the transfer of the case from the chancery court that "there was no amendment of the complaint seeking either modification or vacation of the order or *showing a meritorious defense*." (Emphasis in original.) See A.R.C.P. Rule 60.

The complaint in the present appeal was filed in the circuit court on June 29, 1983. The prayer for relief sought damages for breach of contract. The contract relied upon was the alleged oral agreement by the appellees not to collect any judgment in their favor against the appellant. The case was transferred to the division of circuit court which entered the original judgment. On August 22, 1986, the original trial court granted appellees' motion to dismiss. In dismissing this second complaint the court held that the action was barred by res judicata and election of remedies and was "not in compliance with the opinion of the Court of Appeals. . . ." The present appeal is from this order of the original trial court dismissing the complaint for damages for breach of contract.

As the arguments are so interwoven that it is impractical to discuss them separately, they will be addressed together in this opinion.

■ The question presented is whether a post-trial motion to set aside a judgment pursuant to A.R.C.P. Rule 60 is included within the meaning of "previous litigation" in the context of whether it is an issue which was litigated, or could have been litigated, under the doctrine of res judicata. Under the facts and pleadings of this case we hold that it is.

The appellant was under a duty to present any meritorious defense to the cross-complaint in the original action. Instead of

defending on the merits, he entered into an agreement to aid the appellees in exchange for their promise not to enforce any judgment rendered against him. The alleged secret agreement was neither reduced to writing nor was it revealed to the other parties or the trial court. The agreement comes precariously close to collusion between the parties. Such an agreement is quite similar to a "Mary Carter" agreement. See *Firestone Tire & Rubber Co.* v. *Little*, 276 Ark. 511, 693 S.W.2d 726 (1982). *Firestone* required full disclosure to all parties and the court of such agreements. We do not express an opinion on this issue because it was not argued in the briefs.

Both parties agree that the doctrine of res judicata is accurately set out in *Wells* v. *Arkansas Public Service Commission*, 272 Ark. 481, 616 S.W.2d 718 (1982), where it states:

> We first consider the question of res judicata and when it is applied. Generally speaking, it applies when there has been a final adjudication on the merits of an issue, without fraud or collusion, by a court of competent jurisdiction, on the matters litigated *or which might have been litigated.* [Emphasis supplied.]

The *Wells* opinion goes on to state: "It is res judicata even though not adjudicated if the matters were necessarily within the issues and might have been litigated in the former suit." One of the main purposes of the doctrine of res judicata is to put an end to litigation by precluding a party who has had the opportunity for one fair trial from drawing the same controversy into issue a second time before the same or a different court. A plaintiff who deliberately selects the forum is bound by an adverse judgment. *Wells*, supra, *Robertson* v. *Evans*, 180 Ark. 420, 21 S.W.2d 619 (1929). Res judicata applies even if the issue was not litigated in the first trial if it should have been included in the former trial. *Timmons* v. *Brannan*, 225 Ark. 220, 280 S.W.2d 393 (1955).

The issue is clear in the present case and no exception to the res judicata doctrine is involved. The appellant had the opportunity, if not the duty, to obtain a full and fair hearing in the original suit on the basic issue of his liability to the Moores. Instead of answering the cross-complaint by denying liability or asserting an affirmative defense, he entered into a very questionable oral agreement to aid the appellees. This agreement was not revealed

until the appellee started efforts to collect on the judgment.

When appellee sought enforcement of the judgment, the appellant deliberately chose the chancery court as the forum to raise the issue of the oral agreement between the parties. Over appellant's objection the case was transferred to the division of the circuit court which granted the judgment. The circuit court was the proper forum to challenge the judgment. However, specific defenses and prayers for relief must be raised in the proper forum or be barred by res judicata. The complaint was not amended after the transfer to circuit court and the trial court dismissed the complaint. The decision was appealed to the Court of Appeals and affirmed. The opinion of the Court of Appeals specifically stated that the appellant was entitled to be heard in a proper forum. The opinion went on to spell out that the appellant was entitled to relief only upon proper pleadings and prayer in a court that "is authorized to grant [relief] pursuant to Rule 60(c)(4), Rule 60(d), Rule 60(j) and Rule 62(b), Arkansas Rules of Civil Procedure."

The appellant did not follow the suggestion of the Court of Appeals; rather, he filed a new cause of action for breach of contract. Having had new life breathed into his claim by the decision of the appellate court, the appellant selected the correct forum, but instead of trying to set aside the original judgment, he deliberately chose to seek a new remedy on the theory of damages for breach of contract. Moreover, the correct course of action was clearly available to the appellant when the case was transferred in the first instance from equity to law.

We hold that the issue presented in the complaint filed after the Court of Appeals decision contained issues which were included, or should have been included, in the original action. Certainly the prayer for relief prescribed by the appellate court could have been heard in the circuit court where the first suit was filed.

It is not necessary to discuss the other arguments because the doctrine of res judicata compels affirmance. There must be an end to litigation at some point and this case is ended now.

Affirmed.