## Don RAGAR *v.* HOOPER-BOND LIMITED PARTNERSHIP FUND III

87-8                                                      735 S.W.2d 706

Supreme Court of Arkansas
Opinion delivered September 14, 1987

*Gene O'Daniel* and *David Hodges*, for appellant.

*Richard D. Taylor*, for appellee.

DAVID NEWBERN, Justice.    The appellant complains about a court order which is not final and thus not appealable. We must, therefore, dismiss the appeal.

Don Ragar, the appellant, was a limited partner in the appellee Hooper-Bond Limited Partnership Fund III ("the

Fund"). Ragar, on behalf of himself and other limited partners, sued Hooper and Bond, who were the general partners in the Fund, for fraud and recovered a judgment for $150,000. The Fund was named as a plaintiff in that action, although the complaint characterized the action as derivative. [*See Benton Window and Door Little Rock Division, Inc.* v. *Garrett*, 290 Ark. 244, 718 S.W.2d 438 (1986).] We affirmed. *Hooper* v. *Ragar*, 289 Ark. 152, 711 S.W.2d 148 (1986).

After the judgment was affirmed, a motion was filed in the circuit court on August 8, 1986, asking guidance in disbursement of the judgment. The motion was filed jointly by David Hargis, the attorney who represented Ragar and the Fund in obtaining the judgment, and James Penick, III, attorney for Flake & Company, Inc., which had become the successor general partner in the Fund. In the motion, Hargis sought a fee of $55,462.50 for representation of the Fund. An additional $12,457.00 was sought for "the limited partnership's legal counsel," presumably now Penick, for work done for the Fund during the pendency of the appeal to reorganize the Fund and keep it in existence. The motion also noted that a precise accounting of all expenses and fees would be presented at a hearing before the court. The motion cited Ark. Stat. Ann. § 65-559 (Repl. 1980) and its requirement that the court review and approve disbursements from the judgment.

On September 30, 1986, an order was entered substituting Gene O'Daniel as attorney for Ragar because it was contemplated that Hargis would have to testify in justification of his fee. A hearing on the matter was set for October 6, 1986. On October 2, 1986, Ragar moved for a continuance on the basis that his wife, Christine Ragar, would be unavailable to testify on October 6, and he would be entitled to expenses resulting from her loss of time as a real estate agent which was caused by work done by her on Ragar's behalf in preparation of the case resulting in the judgment.

The record does not show that the continuance was expressly denied, but the hearing was held on October 6, 1986, and the court entered an order allowing the fee requested by Hargis as well as $2,853.77 in unpaid expenses as well as $16,810.75

representing expenses "actually paid" by Don Ragar. The order noted the objection of counsel for the Fund, presumably Penick, and noted that none of the limited partners present objected to the disbursement. The order provided:

> The fund now held by David M. Hargis, in trust for the limited partnership, should have deducted from it these noted sums, and the remainder, plus accrued interest, should be transmitted to James Penick, III., attorney for Flake & Company, Inc., the general partner for the limited partnership, which is authorized hereby to use such fund for the benefit of the limited partnership; . . . .

In a final paragraph, the order stated:

> Other claims by Don Ragar, Christine Ragar, and any others to all or any part of such fund, or any other issues which must be resolved or which may be necessary in concluding this litigation, should be scheduled for further hearing according to the requirements of the court's docket.

The order was filed October 8, 1986.

On October 31, 1986, Ragar filed a motion seeking reimbursement of Christine Ragar's expenses from the judgment. On November 4, 1986, he moved to prohibit Flake & Company, Inc., from further disbursing the money remaining in the judgment, claiming that a meeting of the Fund had been called "for the ostensible purpose of determining distribution" of the judgment money which had been transferred to Penick. The Fund filed a response to the October 31 motion. There is nothing in the record to show that the court has ruled on any motion made after its order of October 6, 1986.

The appellant has stated four points for reversal, and the appellee has responded with six points for affirmance. It is impossible to follow the argument on these points, as neither party has complied with Arkansas Supreme Court and Court of Appeals Rule 9(f) by subheading the argument to correspond with the points. However, we can tell Ragar's main allegation is that the court erred on October 6, 1986, by ordering the money transferred to the Fund before all the expenses had been consid-

ered. The answer to that argument is that the order is patently not a final one. It states that the money being transferred to the Fund is to be subject to further claims later to be determined by the court. The impetus for this appeal apparently is that Ragar fears Flake & Company, Inc. will disburse the money among the partners and there will be none left to reimburse the expenses he now alleges. That was the subject of the motion Ragar made on November 4, 1986. That motion, as far as the record before us shows, has not been ruled upon, although the Fund states in its brief that a final order of some sort has been entered and will be the subject of a further appeal which is now awaiting preparation of transcript.

The trial court's order transferring the money representing the remainder of the judgment from Hargis to the Fund is not a final order, as it contemplates a hearing on further expenses to which it may be subject. We will not reach the merits of an appeal if the order appealed from is not final. *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984); *Corning Bank* v. *Delta Rice Mills Inc.*, 281 Ark. 342, 663 S.W.2d 737 (1984).

Appeal dismissed.

HOLT, C.J., not participating.