Christine SWOFFORD and Harold Swofford *v.* Mark
STAFFORD and Bobby Ward

87-325                                                  748 S.W.2d 660

Supreme Court of Arkansas
Opinion delivered May 9, 1988

*John Wesley Hall, Jr.*, for appellant.

*Mark Stodola*, City Att'y, by: *Victra L. Fewell*, Asst. City
Att'y, for appellee Mark Stafford; *Jim Hamilton* and *Francis D.
Crumpler, Jr.*, by: *Francis D. Crumpler, Jr.*, for appellee Bobby
Ward.

ROBERT H. DUDLEY, Justice. In 1984, in a prior case, the
appellant, through other counsel, filed a replevin action against

the appellees and the Cities of Little Rock and North Little Rock. The complaint alleged that in 1984 appellees Stafford and Ward "arrested plaintiffs and transported them to the North Little Rock Police Department and placed them in jail and proceeded to interrogate them and to insist upon searching plaintiffs' residence premises." The appellants sought the recovery of the property seized and damages for the wrongful detention of the property. The trial court found that the appellees and the two cities had no right, title, or interest in the property and ordered it delivered to appellants. The order of delivery neither awarded damages nor reserved the issue of damages for future determination. At a later date the trial court, apparently on its own motion under Rule 10 of the Rules of Circuit and Chancery Courts, entered an order of dismissal for failure to prosecute. Still later, in 1987, with present counsel, the appellants filed the case at bar against the appellees. They restate, with more particularity, the circumstances surrounding their 1984 arrest, detention, and interrogation. In addition, appellants aver that appellees Stafford and Ward acted to cause a second and third arrest of appellant Harold Swofford on related charges. They seek damages against the two appellee police officers under 42 U.S.C. § 1983 and under state law for false arrest and illegal search, malicious prosecution, and intentional infliction of emotional distress. The trial court held that the prior action precludes the claim in this action. We affirm that holding.

The claim preclusion part of the doctrine of res judicata bars relitigation of a subsequent suit when (1) the first suit resulted in a judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action which was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies. *Bailey* v. *Harris Brake Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 916 (1985). Appellants argue on appeal that the trial court erred because factors numbered (1) and (4), a final order and same cause of action, are not present. The arguments are without merit.

Appellants first argue that the claim in the case at bar should not be precluded because there was no final judgment in the first suit. Appellants' abstract does not reflect that this issue was raised below or ruled upon by the trial court. We will not

consider issues raised for the first time on appeal. *Griffin-Payne, Inc.* v. *Union Bank*, 289 Ark. 182, 710 S.W.2d 201 (1986). Accordingly, we do not consider this point of appeal.

Appellants' next point is that the facts and issues between the two cases are different and that the trial court erred in applying the doctrine of claim preclusion. The trial court ruled correctly.

The complaint in the replevin action recited the operative facts of the arrest of the appellants, their transportation to and interrogation at the North Little Rock Police Department, their incarceration, and the search of their home. The case at bar is based on the same events and subject matter. It only raises new legal issues and seeks additional remedies.

▪ Issues and remedies raised in the subsequent suit do not have to be identical to those raised in the initial suit in order for the claim preclusion part of res judicata to apply. In *Benedict* v. *Arbor Acres Farm, Inc.*, 265 Ark. 574, 577, 579 S.W.2d 605, 607 (1979), we wrote:

> The law of *res judicata* provides that a prior decree bars a subsequent suit when the subsequent cause involves the same subject matters as that determined or which could have been determined in the former suit between the same parties; the bar extends to those questions of law and fact which "might [well] have been but were not presented."

In *Taggart* v. *Moore*, 292 Ark. 168, 171, 729 S.W.2d 7, 9 (1987) (citations omitted), we wrote:

> One of the main purposes of the doctrine of res judicata is to put an end to litigation by precluding a party who has had the opportunity for one fair trial from drawing the same controversy into issue a second time before the same or a different court. . . . Res judicata applies even if the issue was not litigated in the first trial if it should have been included in the former trial.

▪ Accordingly, we affirm the ruling of the trial court that the case at bar is barred by the claim preclusion part of the doctrine of res judicata. Because we affirm the ruling of the trial court on this point, we need not discuss the other point of appeal,

which concerns an alternative reason to dismiss this case.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I think the majority is wrong in ruling that the doctrine of res judicata bars this lawsuit and that the issue concerning a final order is not properly before this court. Res judicata precludes parties from drawing the same controversy into issue a second time. However, the doctrine applies only if there is a final judgment after a hearing on the merits. The general rule in Arkansas is that before a judgment is final and appealable the order must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Corning Bank* v. *Delta Rice Mills, Inc.*, 281 Ark. 342, 663 S.W.2d 737 (1984). There was no final judgment in this case.

The first action between the parties was a replevin action. The circuit court dismissed this action for a failure to prosecute. The appellants and appellees both agree that a dismissal for want of prosecution is not a final judgment. The majority, however, relies on the claim preclusion doctrine as barring any further litigation between these parties. The claim preclusion doctrine is the heart of res judicata. There can be no claim preclusion without res judicata, and there can be no res judicata without a final judgment. As this court stated in *Fawcett* v. *Rhyne*, 187 Ark. 940, 63 S.W.2d 349 (1933):

> The doctrine of res judicata does not rest upon the fact that a particular proposition has been affirmed and denied in the pleadings, but upon the fact that it has been fully and fairly investigated and tried — that the parties have had an adequate opportunity to say and prove all that they can in relation to it, that the minds of court and jury have been brought to bear upon it, and so it has been solemnly and finally adjudicated. [Citation omitted.]

> If a particular point was not in issue in the suit — either in the technical sense of an issue framed by the pleadings, or in the sense of being the decisive question in the case and the one actually litigated and determining the result — it is not conclusively established by the judgment therein, for

> the purposes of a subsequent suit upon a different cause of
> action . . . . [Citation omitted.]

It is clear that the civil rights and tort claims raised by the present action were not at issue in the replevin action.

The former action brought by the appellants was to recover certain items of personal property seized by the appellees. The question of damages in the replevin action was never resolved. The case was dismissed without a final judgment. Without a final judgment in the replevin action the doctrine of res judicata simply does not apply. The majority applies the claim preclusion doctrine of res judicata, and yet it is clear that all of the necessary factors to invoke the doctrine are not present. It is undisputed that there is no final judgment in the replevin action. Without a final judgment, there can be no claim preclusion.

The doctrine of res judicata applies only when there has been a final judgment. The majority relies upon *Bailey* v. *Harris Break Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 1916 (1985), for the five (5) factors necessary to invoke the claim preclusion doctrine. However, the very first requirement for claim preclusion is missing in the present case. All parties agree there has never been a judgment on the merits in the original suit. Why this court cannot accept that fact is beyond my comprehension.

Whether the appellants specifically argued in the trial court that there is no final judgment should not control the outcome of this litigation because the application of the doctrine of res judicata is undeniably what this appeal is all about. The question of a final judgment is simply one factor to be considered in the resolution of the ultimate issue — whether res judicata bars the present action.

The conclusions reached by the majority are supported neither by the law nor the facts. Therefore, I would reverse and send this case back for a trial on the merits.