Don RAGAR *v.* Joseph R. HOOPER, et al.

89-32                                                   772 S.W.2d 594

Supreme Court of Arkansas
Opinion delivered July 3, 1989

*Gene O'Daniel* and *David Hodges*, for appellant.

*Friday, Eldredge & Clark*, by: *Richard D. Taylor*, for appellee Hooper-Bond Ltd. Partnership Fund III, now Shackleford St. Dev. Co.

JOHN I. PURTLE, Justice. The trial court granted the appellees' motion to dismiss and to strike the appellant's motion for payment of expenses and other relief. For appeal it is argued that the court erred in finding that the work performed by the appellant was not a "reasonable expense," and that the court further erred in dismissing the motion on the grounds that the case had already been closed. We agree with the trial court that this case has ended.

This is the fifth time the parties in this case have been before this court since 1986. On June 2, 1986, we affirmed the award of damages against the general partners in favor of the limited partners. *Hooper v. Ragar,* 289 Ark. 152, 711 S.W.2d 148 (1986). The case was back before us in *Ragar v. Hooper-Bond Limited Partnership Fund III,* 293 Ark. 182, 735 S.W.2d 706 (1987). The second time the case was here was the result of a motion filed in the trial court on August 8, 1986, wherein the

parties sought guidance concerning disbursement of the funds collected from the judgment against the general partners. David Hargis sought an attorney's fee of $55,462.50 for representing the limited partnership in this derivative action. On October 6, 1986, the trial court allowed Hargis the fee requested plus an additional $2,858.77 for unpaid expenses, as well as $16,810.75 representing expenses actually paid by Don Ragar. See Ark. Code Ann. § 4-43-1004 (1987). In this October 1986 order, the trial court ordered the balance of the money transferred to the limited partnership fund before all of Ragar's claims had been settled. We held that there was no appealable order and dismissed the appeal.

The case made its third appearance before this court in *Hooper-Bond Limited Partnership Fund III* v. *Don Ragar*, 294 Ark. 373, 742 S.W.2d 947 (1988). The third appeal was by Hooper-Bond, the general partner, contesting the payment of $20,000.00 to Christine Ragar, the wife of Don Ragar, for her services in preparation of the derivative suit for trial. Ragar unsuccessfully argued that the $20,000.00 award to his wife was not an appealable order. We found no merit in Ragar's argument that the order appealed from was not a final one. The judgment of the trial court was affirmed.

In November, 1987, while the third appeal was pending before this court, the appellant filed a motion in the trial court for payment of expenses and other relief. Essentially he sought payment for his efforts on an hourly basis from May, 1984 until April, 1985. On December 1, 1987, Hooper-Bond filed a motion to strike. (The third opinion of this court was handed down on January 25, 1988). On July 19, 1988, the trial court granted the appellees' motion to dismiss and to strike. In the order of July 19, 1988, the court stated:

> That the motion to dismiss and strike filed by respondent herein is hereby granted. That the court entered a previous order in this proceeding which represents a final order effectively terminating the proceedings before this court. . . . In the alternative, should this court have jurisdiction, the court has listened to and considered the evidence and finds that the expenses and payments requested by Don Ragar in his motion for payment of expenses and other

relief are not properly awardable or compensable and do not represent reasonable expenses, including any reasonable attorneys' fee.

The case made its fourth appearance before this court on April 10, 1989, in the case styled *Ragar* v. *Hooper*, 298 Ark. 353, 767 S.W.2d 521 (1989). In that case Ragar decided to cross over to chancery court to see about obtaining payment for his time and to have an accounting between the general partners and the limited partners. That case was affirmed in part and remanded in part.

The present appeal seeks a remand to the trial court in order that appellant might have his claim for expenses reconsidered. He argues that he was negotiating with the attorney for the general partner when the matter of "reasonable expenses" was decided by the court. The trial court has awarded all "expenses" claimed by Ragar except for his claim for the work performed personally by him. The court considered this claim and found it was not an allowable expense. There is no claim that fraud was perpetrated against the appellant or the court. We find no valid reason to prolong this case. As we stated in *Taggart* v. *Moore*, 292 Ark. 168, 729 S.W.2d 7 (1987): "There must be an end to litigation at some point and this case is ended now." So it is with the present case.

Affirmed.