111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Simon WAY; Donald Sweat; Joseph Orlando; Sally Demoulin;
Tommy Scarcello; Robert Streit; Larry Willis;
William Duffield; Susan Duffield;
Douglas Brubach, Plaintiffs-Appellants,
v.
Peter N. GEORGIADES; Robert A. Miller; Kody Miller; Carey
Miller; Justin Miller; Richard Miller; James Miller;
Robert Lee Miller Ave Maria Askey; Claudia Greiner;
Nannette Kelley, Defendants-Appellees.
 No. 95-56156.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1997.*
Decided April 21, 1997.
 
 Before: HALL, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs appeal the district court's dismissal of their RICO complaint. We affirm.
 
 
 3
 The district court concluded that the complaint, which alleged a RICO violation, in effect was trying to challenge collaterally several decisions of the U.S. District Court for the Western District of Arkansas. We agree. This case arises out of defendants' successful lawsuit for damages against Tony Alamo and his religious organization for violations of the Fair Labor Standards Act, alienation of affection, outrage, and related claims. See Miller v. Tony and Susan Alamo Foundation, 748 F.Supp. 695 (W.D.Ark.1990). The Arkansas district court decreed that the corporate forms of various Alamo-related entities were to be disregarded and allowed execution on their assets to satisfy judgments against Alamo. The Eighth Circuit affirmed. Miller v. Tony and Susan Alamo Foundation, 924 F.2d 143, 148 (8th Cir.1991). In this action, plaintiffs claim that some of the Alamo properties belong to them as payment for services rendered in connection with Alamo's religious activities and that defendants engaged in a pattern of fraudulent activity to deprive them of this property.
 
 
 4
 As an initial matter, the district court was correct in deciding that it could not entertain what is in effect a collateral attack on the judgment of the Arkansas district court. See Celotex Corp. v. Edwards, 115 S.Ct. 1493, 1501 (1995). In addition, we note that this is at least plaintiffs' third attempt to make such a challenge. They first tried to stop the sale of assets by creditors in Tony Alamo's bankruptcy proceedings in the Arkansas district court. That court rejected their claims because it found that they had an opportunity to present their arguments before the bankruptcy judge but apparently waited until after another creditor began to execute. Plaintiffs show no reason why their claims could not have been raised in the bankruptcy proceedings, and as a result, res judicata bars them from asserting the claims now.
 
 
 5
 Plaintiffs also filed a common law fraud action similar to this one in Arkansas state court, which dismissed the suit for failure to state a claim on which relief could be granted. Although it did not become final until after the district court's dismissal of this case, the judgment is on the merits and would likely preclude plaintiffs from raising substantially similar claims were we to reverse and remand for trial. Although plaintiffs did not raise the RICO claims in the Arkansas state suit, they clearly could have. See Tafflin v. Levitt, 493 U.S. 455, 467 (1990). As a result, the state judgment also bars plaintiffs' RICO claims in this suit. See Taggart v. Moore, 729 S.W.2d 7, 9-10 (Ark.1987).
 
 
 6
 Plaintiffs have had their chance to litigate their claims to Alamo property. As the district court correctly pointed out, any attack on the Arkansas courts' conclusions should be made in those courts. Plaintiffs of course can contest particular execution proceedings on Alamo property. But they cannot now try to relitigate these issues by bringing a RICO claim.
 
 
 7
 The decision of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3