Don RAGAR *v*. Joseph (Buz) HOOPER, et al.

89-70                                                      767 S.W.2d 521

Supreme Court of Arkansas
Opinion delivered April 10, 1989

*David Hodges* and *Gene O'Daniel*, for appellant.

*Friday, Eldredge & Clark*, by: *Richard D. Taylor*, for appellees Shackleford Street Development Company and Flake & Company, Inc.

*Wallace, Dover & Dixon, P.A.*, for appellees Tad Krug, Sheldon Rand, Alan Rothman, James Rasco, Howard E. Hardin, Tim Farrell, Leon Teske, Aaron Lubin, Gary Burris, Larry Wilson, Milt Rothman, William Payne, M.D. Graham, Robert Winter, C. Dudley Rogers, and Robert Lapin.

DARRELL HICKMAN, Justice. This is the fourth time this case has been before us, and unfortunately it is still not resolved. *Hooper-Bond Limited Partnership Fund III* v. *Ragar*, 294 Ark. 373, 742 S.W.2d 947 (1988); *Ragar* v. *Hooper-Bond Limited Partnership Fund III*, 293 Ark. 182, 735 S.W.2d 706 (1987); *Hooper* v. *Ragar*, 289 Ark. 152, 711 S.W.2d 148 (1986).

The appellant, not satisfied with the results of his lawsuit in circuit court, filed this time in chancery court, essentially seeking to litigate issues already resolved, or those that could have been resolved. The chancellor ruled that two counts in the appellant's complaint directed at Flake & Company and Shackleford Street Development Company were barred by the doctrine of *res judicata*. The chancellor's ruling is affirmed in that regard. *Swofford* v. *Stafford*, 295 Ark. 433, 748 S.W.2d 680 (1988); *Talbot* v. *Jansen*, 294 Ark. 537, 744 S.W.2d 723 (1988).

The remaining issue concerns a summary judgment granted in favor of the sixteen appellees who were limited partners in the Shackleford Street Development Company. The appellant, a limited partner himself, had asked for an accounting from the other limited partners. On February 4, 1988, the appellees filed a motion for summary judgment, attaching affidavits and documents which they claimed constituted an accounting. The appellant responded that discovery had not been completed. No counter affidavits were attached to his response. The chancellor scheduled a hearing on the motion for May 12.

Before the summary judgment motion was filed, the appellant had notified the sixteen limited partners that he would take their depositions. The partners asked for a protective order. At a March 15 hearing on the protective order, the chancellor ruled, without notice, that the summary judgment would be granted, apparently without ruling on the protective order. There is no record of exactly was transpired at the hearing.

The appellant protested that the early ruling deprived him of the opportunity to take the partners' depositions and file counter affidavits before the scheduled hearing date.

ARCP Rule 56(c) reads as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. *The adverse party, prior to the day of hearing, may serve opposing affidavits.* The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. (Italics supplied.)

The chancellor did not have to set the matter for a hearing twelve weeks away. But having done so, he should not have granted summary judgment before that day unless it clearly appeared that Ragar could produce no proof contrary to the affidavits. We distinguish the case of *BWH Inc.* v. *Metropolitan Nat'l Bank*, 267 Ark. 182, 590 S.W.2d 247 (1979), in which the court held that the appellant's desire for further discovery, in a promissory note case, was a mere fishing expedition. Here, it is not so clear, as it was in *BWH*, that the appellant could not obtain the necessary proof to rebut the allegations in the summary judgment motion. *See First Nat'l Bank* v. *Newport Hospital & Clinic, Inc.*, 281 Ark. 332, 663 S.W.2d 742 (1984).

We do not address the appellant's argument that Rule 56 requires ten days notice of an intent by the trial court to rule on a motion for summary judgment.

Affirmed in part and reversed and remanded in part.

Holt, C.J., not participating.