Samuel Bruce BAGGETT, Jr., Bruce Baggett III, and
Mark Baggett, d/b/a S & B Farms *v.* BRADLEY
COUNTY FARMERS COOPERATIVE and Southern
Farmers Association, Inc.

90-4                                                789 S.W.2d 733

Supreme Court of Arkansas
Opinion delivered June 4, 1990

402

*Bill G. Wells*, for appellants.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellees.

ROBERT H. DUDLEY, Justice. Appellants, plaintiffs below, filed suit against appellees. After answers were filed, interrogatories were propounded, depositions were taken, and affidavits were filed, the appellees moved for summary judgment. The trial court set a day certain for hearing the motion. Before that date, however, the trial court granted the motion. We reverse and hold that a trial court should not grant summary judgment before the day scheduled for a hearing on the motion unless it clearly appears that the non-moving party cannot produce proof contrary to the moving party's proof.

Appellants own a hog feeding operation. Appellees sell animal feed. On November 17, 1988, appellants filed suit alleging that appellees had negligently allowed cattle feed to become mixed with the hog feed they sold and delivered to appellants; that this negligence caused appellants' hogs to become ill and, as a direct result, some hogs died and others were stunted in growth. Appellees filed general denials. Appellees propounded interrogatories. Appellants answered. Appellees objected to certain interrogatories propounded by appellants. Appellants, plaintiffs, filed a motion for summary judgment contending that appellees had admitted liability. They attached a letter from appellees' nutritionist stating, "We have admitted our negligence by allowing some dairy pellets to get mixed in with your hog feed. However, it is highly unlikely that this could have caused any disease." Appellees submitted an affidavit from the nutritionist stating that the feed did not cause the disease. Appellees, defendants, also moved for a summary judgment and attached parts of the deposition of the veterinarian who treated the hogs. The veterinarian testified, in part, that cattle feed could cause enough change in the environment inside the hogs' intestines to cause the

particular illness to erupt. He further stated that he could not be sure that ingesting the cattle feed caused the hogs' illness without knowing how much cattle feed they ate. There was other testimony submitted with the motion which we need not detail. On September 1, 1989, the trial judge filed an order setting a hearing on all pending motions for October 2, 1989. On September 20, 1989, appellants filed supplemental answers to interrogatories, one of which stated that they might call a veterinarian, Dr. McDaniel, to testify. On September 25, 1989, the trial court granted appellees' motion for summary judgment.

■ The order granting summary judgment was in error for two reasons. First, a motion for summary judgment should not be granted before the day scheduled for a hearing unless it clearly appears that the non-moving party could not produce proof contrary to the moving party's proof. *Ragar* v. *Hooper*, 298 Ark. 353, 767 S.W.2d 521 (1989). In this case it is not clear that appellants could produce no further proof.

■ Second, there was a genuine issue of fact for trial. The standard of review for summary judgments is stated in *Wolner* v. *Bogaev*, 290 Ark. 299, 718 S.W.2d 942 (1986):

> The principle of law which we must follow in review of summary judgment decisions is well established. On such motions the moving party has the burden of demonstrating that there is no genuine issue of fact for trial and any evidence submitted in support of the motion must be reviewed most favorably to the party against whom the relief is sought. Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable men might differ.

■ Summary judgment is an extreme remedy. *Dodrill* v. *Arkansas Democrat Co.*, 265 Ark. 628, 590 S.W.2d 840 (1979). The object of a summary judgment is not to try the issue but to determine if there are issues to be tried. *Ashley* v. *Eisele*, 247 Ark. 281, 445 S.W.2d 76 (1969). If there is any doubt whatever, it should be denied. *Southland Ins. Agency* v. *Northwestern National Ins. Co.*, 255 Ark. 802, 502 S.W.2d 474 (1973).

A reasonable inference which can be drawn from the affidavits and depositions is that the hogs' ingestion of the cattle feed could have triggered the illness by changing the environment in their intestines and activating the latent organisms which were already present. Because any doubts concerning a question of fact are to be resolved against the moving party, the evidence before the trial judge was sufficient to create a question of fact as to whether the cattle feed mixed with the hog feed could have caused appellants' hogs' illness. It is enough for purposes of resisting the motion for summary judgment that appellants had put before the court sufficient evidence from which an inference of causation could be drawn. It was not necessary for appellants to establish their case by a preponderance of the evidence or by any other standard of proof. They were only required to establish that there was a genuine issue for trial.

The trial judge also erroneously ruled that it was up to the appellants, the non-moving party, to offer proof which would have negated all other possible causes of the illness. That standard applies to product liability cases, *see Short* v. *Little Rock Dodge, Inc.*, 297 Ark. 104, 759 S.W.2d 553 (1988), but not to simple negligence cases. The amended complaint in this case contained one count alleging negligence and another alleging product liability.

Reversed and remanded.