Veronica CAMPBELL by Next Friend P. Chapman
*v.* Shirley BARD, M.D.

93-465                                             868 S.W.2d 62

Supreme Court of Arkansas
Opinion delivered December 20, 1993

*W. Frank Morledge, P.A.*, for appellant.

*Womack, Landis, Phelps McNeill & McDaniel*, by: *Paul D. McNeill*, for appellee.

STEELE HAYS, Justice. This is a medical malpractice case. Patricia Campbell sued Dr. Shirley Bard on behalf of herself and her ten-year-old daughter, Veronica. Mrs. Campbell claimed Dr. Bard treated Veronica for chronic constipation when in fact she was suffering from colitis, alleging a failure to properly test, diagnose, and treat.

After the issues were joined Dr. Bard moved for summary judgment with two affidavits- her own and that of another physician. It thus developed that Dr. Bard sought to impute liability

to an emergency room physician employed by a hospital represented by counsel for Mrs. Campbell, posing a conflict. Counsel for Mrs. Campbell filed a response to the motion for summary judgment asserting that the supporting affidavits were conclusory. Counsel also moved for leave to withdraw as attorney for Mrs. Campbell. The motion to withdraw was granted and later the motion for summary judgment was granted.

Mrs. Campbell appeals from the summary judgment on two points: it was error to grant summary judgment without first holding a hearing and Dr. Bard's supporting affidavits were conclusory. As we find merit in the first point, we do not reach the second.

Rule 56(b) of the Ark. R. Civ. P. provides that a party against whom a claim is asserted may move at any time for a summary judgment. Rule 56(c) provides in part:

> The motion shall be served at least ten days before the time fixed for the hearing. The adverse party, prior to the day of the hearing, may serve opposing affidavits.

While the rule plainly intimates that the opposing party is entitled to ten days notice before a ruling on a motion for summary judgment, we have hesitated to formalize that interpretation of the rule. In *Ragar* v. *Hooper*, 298 Ark. 353, 767 S.W.2d 521 (1989), we said:

> We do not address the appellant's argument that Rule 56 requires ten days notice of an intent by the trial court to rule on a motion for summary judgment.

D. Newbern, *Arkansas Civil Practice and Procedure* § 26-7 2d Ed. (1993) (Summary Judgment Procedure), gives this analysis:

> The rule [56] contemplates notice of the motion and says it shall be served not less than 10 days before "the hearing." While in most cases service of notice and a hearing will be required, they are not absolutely necessary, and if failure to provide them results in no prejudice to the party against whom summary judgment was entered, it will not be reversed.

Nor have the federal courts interpreted the identical language of FRCP Rule 56 with uniformity:

> Even though FRCP 56(c) and FRCP 56(d) both make reference to a hearing on the motion for summary judgment, there is a division of authority among the courts on whether a motion for summary judgment may be granted without affording a hearing to the adverse party. While there are cases indicating that it is normally appropriate to have oral argument on a motion for summary judgment, and it has been held that a District Court errs in giving effect to a local rule in such a manner as to preclude oral argument on motions for summary judgment, there is considerable authority that FRCP 56 does not require a hearing, in the sense of oral argument or testimony by witnesses, or at least that oral argument may be avoided in appropriate circumstances. The fact that there is no oral hearing before a motion is granted does not necessarily mean that the party against whom the motion is granted has been denied due process. Courts not requiring a hearing have interpreted FRCP 56(c) as contemplating 10 days' advance notice to the adverse party that the matter will be heard and taken under advisement as of a certain day, and that, if the responding party has had an opportunity to prepare and submit affidavits, memoranda, and other materials for the court to consider when ruling on the motion, then he has been "heard" within the meaning of FRCP 56. Alternatively, under this view, the District Court may conduct an informal conference in chambers on a summary judgment motion instead of holding a formal evidentiary hearing.

28 Federal Procedure § 62:579 (1984).

■ While we remain resistant to a rigid requirement that a hearing be held, we believe that in some situations, particularly the one before us, it is inappropriate to order summary judgment without notice to the responding party that the trial court is ready to act on the matter. Certainly the wording of paragraph (c) gives respondents the right to assume they may submit opposing affidavits up until "the day of the hearing." In this case, however, we need look no farther than the fact that counsel had

been permitted to withdraw by court order and new counsel had not yet entered the case. We deem that fact sufficient to conclude that it was error for the trial court to act on the pending motion for summary judgment while Mrs. Campbell lacked representation without adequate notice that the court was about to do so.

Reversed and remanded for further proceedings.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring. I agree with the result reached in this case but would reverse on the basis that Dr. Bard's affidavits are merely conclusory and, thus, material issues of fact remain for resolution at trial.