Mary R. SCHULTZ and Robert M. Schultz *v.* FARM BUREAU MUTUAL INSURANCE COMPANY

96-1075                                        940 S.W.2d 871

Supreme Court of Arkansas
Opinion delivered April 7, 1997

*Roy Danuser* and *Griffin Smith*, for appellants.

*Davis, Cox & Wright, PLC*, by: *Don A. Taylor*, for appellee.

ANNABELLE CLINTON IMBER, Justice. At issue in this property-insurance case is whether the insurer effectively cancelled a

vacancy permit issued to the insured. The appellants argue that the trial court erroneously granted summary judgment to the appellee. The appellants also argue that the trial court misconstrued Ark. R. Civ. P. 56. We find no error and affirm.

On April 20, 1995, a building owned by the appellants, Mary and Robert Schultz, was damaged by fire. Prior to that date, the appellee, Farm Bureau Mutual Insurance Company of Arkansas, Inc., issued a policy of insurance on the property. Farm Bureau denied coverage, and filed a complaint for declaratory judgment in Marion County chancery court seeking declaratory relief to that effect.

Among other things, Farm Bureau asserted that the building was an unoccupied dwelling, and thus fell under the policy's exclusion providing that "we will not be liable for any loss if the dwelling is vacant or unoccupied by you or a tenant for a period of sixty consecutive days." The Schultzes in turn moved for partial summary judgment, maintaining that an endorsement to the policy, "Vacancy or Unoccupancy Permit FB-24," prohibited Farm Bureau from using the policy's vacancy provision to deny coverage.

The endorsement provided as follows:

### VACANCY OR UNOCCUPANCY PERMIT FB-24

#### (Annual Renewable Coverage)

Permission is granted for the dwelling described in your latest declaration, and shown with this endorsement number, to remain vacant or unoccupied. (The terms "vacant" and "unoccupied" are defined in your policy booklet.)

As a condition for this coverage, during periods of vacancy or unoccupancy, the dwelling must be kept closed and secured to prevent the trespassing or entry of unauthorized persons. All other terms and conditions remain unchanged.

During times of vacancy or unoccupancy, there will be an increased chance of loss. Our charge for this increase of risk is $15.00 for each dwelling with endorsement FB-24. Such charge is non-refundable and becomes fully earned upon payment.

This permit is continuous until cancelled or until your policy expires, whichever occurs first.

*Effective Date 1/16/90*

*Attached to and Forming Part of Policy Number F491524*

(Underscoring in original.) The Schultzes also submitted a change in policy form executed in 1990 by Farm Bureau's agent and Mary Schultz, which form requested the vacancy permit.

Farm Bureau responded and filed its own cross-motion for summary judgment. Farm Bureau's position was that the endorsement had been "deleted" from the policy in November of 1994. As evidence supporting this proposition, Farm Bureau submitted the policy's declaration page for the policy period covering October 18, 1993, and October 18, 1994. In the "schedule" section of the declaration page, under the heading "DESCRIPTION AND OCCUPANCY," was the description, "ON THE TENANT OCCUPIED DWELLING. FB24 APPLIES." Farm Bureau also submitted the declaration page for the policy period covering November 1, 1994, to October 18, 1995. On this declaration page, the corresponding description merely provided "ON THE TENANT OCCUPIED DWELLING."

Farm Bureau additionally submitted two affidavits. The first was from Dwight Shipman, the Farm Bureau agency manager for Marion County, who stated that "on or about November 1, 1994, through conversations with the Schultzes and my office, the FB24 vacancy or unoccupancy permit was deleted from this policy, and to the best of my information and belief, a new declarations sheet was delivered to the Schultzes without the FB24 permit." The second affidavit was from Gayle Holmes, the manager of the Farm Bureau policy services department. She stated that on November 1, 1994, Farm Bureau received a "change request form" from its Marion County office regarding the Schultzes' policy. According to Holmes, this form requested the deletion of the FB-24 endorsement and a correction of the spelling of Mary Schultz's name on the declaration page. Additionally, she stated that "a new declarations page deleting the FB24 endorsement to the insurance policy in question was mailed to the insureds" on

November 2, 1994, and that the Schultzes were charged a lower premium because of the deletion of the endorsement.

Farm Bureau also attached excerpts of the sworn statement and deposition testimony of Mary Schultz. She stated that prior to the fire, the last time the building had been rented out may have been "a couple of years ago." Her son stayed in the building some the prior summer, and she also stated that about two weeks before the fire, some fisherman stayed there while fishing in some tournaments. When asked, "Was this something that it was somebody you knew, and you just loaned the place to them for a day or two?" Schultz answered, "Yes."

The Schultzes filed a reply to Farm Bureau's motion for summary judgment, essentially arguing that a general condition of the policy required a separate, formal cancellation notice to effectively cancel the endorsement. They argued that the declarations page which omitted the reference to "FB-24" was "not tantamount to a cancellation, standing alone." The Schultzes further alleged that "any evidence based on oral agreement canceling the permit would be inadmissible, leaving only a question of law the only issue."

At the hearing on the Schultzes's motion for partial summary judgment and Farm Bureau's motion for summary judgment, the following documents were submitted as joint exhibits without objection:

1. Change-in-policy form executed in 1994 by Farm Bureau's agent and Mary Schultz, which form requested that FB-24 be deleted.
2. The insurance policy's general conditions entitled "Vacancy or Unoccupancy" and "Changes."
3. The policy's declaration page for the policy period covering October 18, 1993 and October 18, 1994.
4. The vacancy or unoccupancy permit FB-24.
5. The policy's declaration page for the policy period covering November 1, 1994, to October 18, 1995.

On June 6, 1996, the trial court entered an order granting Farm Bureau's motion for summary judgment, and denying the Schultz's partial motion for summary judgment. The trial court held that the vacancy permit, though valid, had been effectively

cancelled under the terms of the policy. The chancellor noted Shipman's testimony that the Schultzes had requested that the endorsement be deleted. The chancellor ultimately found that the vacancy permit no longer applied to the Schultz's policy because it was not noted on their last declaration page.

On June 12, 1996, the Schultzes filed a request for additional findings. One of their enumerated "requests" concerned Shipman's affidavit testimony submitted with Farm Bureau's motion for summary judgment. The Schultzes denied that they had ever been in Shipman's office or that they had ever discussed the issue of the endorsement's deletion with him. They attached an affidavit executed by both of them containing their testimony substantiating this assertion. The Schultzes also requested that the chancellor "make a specific ruling on this question":

> Is ARCP 56, (the rule on summary judgment procedure) to be construed as permitting the affidavit of a party to the proceeding to be classified as "undisputed" in determining whether there exists a genuine issue of material fact?

Finally, the Schultzes requested that the trial court enter an order finding that its June 6 order was not final for purposes of appeal, pending its decision on the request for additional findings.

On July 1, 1996, the trial court entered a second order. In this order, the chancellor found that Shipman's affidavit did not "recite personal knowledge of the facts which were stated," thus the court modified its prior order to delete the following:

> The affidavit of Dwight Shipman says that ". . . about November 1, 1994, through conversations with the Schultzes in my office, the FB24 vacancy or unoccupancy permit was deleted from this policy . . . ."

The trial court nonetheless held that even without considering Shipman's affidavit, Farm Bureau had effectively cancelled the FB-24 endorsement. The chancellor also held that a party's affidavit was not *per se* "disputed" under Ark. R. Civ. P. 56, and further declined to address the finality issue.

The Schultzes now bring the present appeal, and raise two points of error. The first is whether the trial court erroneously

granted Farm Bureau's motion for summary judgment.[1] The second is whether the trial court misconstrued Ark. R. Civ. P. 56.

## CANCELLATION OF VACANCY PERMIT

For their first point, the Schultzes argue that the trial court erroneously granted summary judgment for Farm Bureau on the issue of coverage. Essentially, this point revolves around whether Farm Bureau effectively cancelled the vacancy permit.

■ Summary judgment is a remedy that should be granted only when it is clear that there is no genuine issue of material fact to be litigated. *Shackelford v. Patterson*, 327 Ark. 172, 936 S.W.2d 748 (1997). The burden of proving that there is no genuine issue of material fact is upon the movant, and all proof submitted must be viewed in a light most favorable to the party resisting the motion. *Id.* Any doubts and inferences must be resolved against the moving party. *Id.* The burden in a summary-judgment proceeding is on the moving party and cannot be shifted when there is no offer of proof on a controverted issue. *Id.* When the movant makes a prima facie showing of entitlement, the respondent must meet proof with proof by showing a genuine issue as to a material fact. *Id.*

The Schultzes rely on one of the policy's general conditions, entitled "Changes." This provision provides as follows:

> A waiver or change of any provision of this policy must be in writing by us and be shown on an endorsement or successive declaration page to be valid. If a premium adjustment is necessary, we will make the adjustment as of the effective date of the change.

According to the Schultzes, the mere deletion of the reference to "FB-24" on the November 1, 1994, declarations page was not sufficient to comply with this requirement.

---

[1] The Schultzes also purport to appeal from the trial court's denial of their motion for partial summary judgment. We do not review such rulings. *See Ball v. Foehner*, 326 Ark. 409, 931 S.W.2d 142 (1996).

By its express terms, the vacancy permit was "continuous until cancelled or until [the] policy expires, whichever occurs first." This language is plain and unambiguous. Therefore, Farm Bureau must have effectively cancelled the endorsement in order to reinstate the policy's exclusion for vacancies of sixty days. When an otherwise valid endorsement is issued, it becomes a part of the insurance contract as if it were actually incorporated therein. *See* 2 *Couch on Insurance* 3d §18:17 (1996). Thus, the general condition governing changes to the policy would appear applicable to the vacancy permit as well.

As stated above, any changes to the terms of the policy must be in writing by Farm Bureau and must be shown on an endorsement or subsequent declaration page. The record reflects that in 1990, a change-in-policy form was executed on the Schultzes' policy. The signatures of both Mary Schultz and a Farm Bureau agent appear at the bottom of this form. On this form was the handwritten notation, "Please add vacant permit. This dwelling is not rented at this time." On the row, "CHANGE APPLICABLE FORM NO(S) TO:" was the handwritten notation "FB24." This form also showed that the annual premium for the policy was $273.00. On the Schultzes' declaration page issued in 1993, under the column, "DESCRIPTION AND OCCUPANCY," the description "ON THE TENANT OCCUPIED DWELLING. FB24 APPLIES," was conspicuously noted. Under the heading "Subject to Attached Form No.(s)," the sheet listed "FB24." The annual premium shown was $288.00. Thus, by its express terms, the 1993 declaration page required that the insured property be a tenant-occupied dwelling, but with the additional qualification that "FB-24" applied to the property.

In October of 1994, another change-in-policy form was executed on the Schultzes' policy, and sent from the Marion County Farm Bureau office to the Little Rock office. The signatures of both Mary Schultz and a Farm Bureau agent appear on this form. The description of the insured property provided on this form was "ON THE TENANT OCCUPIED DWELLING. FB24 APPLIES." However, also on this form was the handwritten notation, "Delete FB24."

A new declaration page was issued on November 1, 1994. Under the column, "DESCRIPTION AND OCCUPANCY," the description merely provided "ON THE TENANT OCCUPIED DWELLING." Likewise, the space for "Subject to Attached Form No.(s)" omitted any reference to the FB-24 vacancy permit. The annual premium reflected for the policy was $216.00.

In their response to Farm Bureau's motion for summary judgment, the Schultzes offered no affidavits or other evidence to suggest that they did not request that the vacancy permit be cancelled or deleted. Nonetheless, they argued that the policy's general condition regarding "Changes" required that Farm Bureau notify them of the change with a separate form, separate and distinct from the mere omission contained on the declaration page. We agree with the Schultzes that the general condition's use of the article "and" suggests that two writings must reflect any change in the policy. Not only must a waiver or change be shown in an "endorsement or successive declaration page," it must also be noted "in writing by us [Farm Bureau]." Any other reading of the condition would render the "writing" requirement superfluous, given that an endorsement or declaration page would always be a "writing."

That being said, we find that the above-described documents satisfied the policy's general condition regarding changes. The change was noted in writing by Farm Bureau. Namely, on the 1994 change-in-policy form executed by Farm Bureau's agent and Mary Schultz, which clearly noted the requested change, "Delete FB24," in writing. Moreover, the cancellation was reflected on the 1994 declaration page, which conspicuously described coverage "ON THE TENANT OCCUPIED DWELLING." Without the prior "FB-24" qualification, this description clearly references the policy's general exclusion for unoccupied dwellings. Additionally, the evidence suggests that the Schultzes' premium was decreased following the cancellation of the vacancy permit. Thus, we affirm, finding that the trial court correctly granted Farm Bureau's motion for summary judgment.

## CONSTRUCTION OF ARK. R. CIV. P. 56.

The Schultzes, for their second point, make a two-pronged argument. The first is that the trial court misconstrued Ark. R. Civ. P. 56 in determining that there were no disputed facts based on Farm Bureau's affidavits. The second is that the trial court erred in considering Shipman's affidavit because it contained inadmissible evidence. We need not reach the merits of these arguments because, as discussed above, the trial court had an adequate basis for granting summary judgment to Farm Bureau without considering Farm Bureau's affidavits.

Affirmed.

BROWN, J. not particpating.

Special Justice DAVID B. VANDERGRIFF joins in the opinion.