Cynthia E. INGRAM, Phyllis Ingram, and Deborah I. Moll *v.*
Bill G. CHANDLER

CA 97-847                                        971 S.W.2d 801

Court of Appeals of Arkansas
Division IV
Opinion delivered July 1, 1998

*Lawrence W. Fitting, P.A.*, and *Michael E. Stubblefield, P.A.*, for appellants.

*Thompson & Llewellyn, P.A.*, by: *James M. Llewellyn, Jr.*, for appellee.

D. Franklin Arey, III, Judge. This is a summary-judgment case. The appellants, Cynthia E. Ingram, Phyllis Ingram, and Deborah I. Moll, brought an action to specifically enforce a contract concerning the sale of certain stock in the possession of the appellee, Bill Chandler. The Sebastian County Chancery Court granted appellee's motion for summary judgment, despite having already scheduled a hearing in the matter. Appellants present three arguments for reversal: (1) that the trial court erred by granting summary judgment as a matter of law; (2) that the trial court abused its discretion by granting summary judgment before discovery, without notice, and prior to a scheduled hearing; and (3) that the trial court erred by denying appellants' motion for default judgment. We affirm in part, and reverse and remand in part.

On May 13, 1981, Ralph and Una Irene Ingram, husband and wife, sold their twelve shares of stock in Commercial Underwriters, Inc., to appellee. Appellee agreed to pay $200,000 for the stock, with $35,000 payable at closing and the balance payable with interest at the rate of $1,380.13 per month for twenty years. The sale was memorialized in a contract of purchase ("1981 contract") and a promissory note payable to the Ingrams jointly. Six days later, the Ingrams and appellee executed an escrow agreement with First National Bank of Fort Smith. The bank agreed to hold the 1981 contract, stock certificates, and promissory note as security for the performance of the contract by the parties.

Ralph Ingram died on September 3, 1987. His last will and testament specifically devised all of his stock ownership in Commercial Underwriters, Inc., to his wife, Una Irene Ingram. On September 11, 1990, Una Irene Ingram executed a living trust. It included a distribution of her interest in the sale of Commercial Underwriters, Inc., to three of her stepdaughters, appellants herein.

On April 5, 1993, Una Irene Ingram and appellee entered into an agreement ("1993 agreement") that purported to modify the 1981 contract. The 1993 agreement provided that appellee's obligation to make payments under the promissory note would terminate upon the death of Una Irene Ingram, if she died prior to payment in full of the promissory note. The 1993 agreement recited consideration of "$1.00 and other good and valuable consideration in hand paid, the receipt of which is acknowledged. . ." by Una Irene Ingram.

Una Irene Ingram died on July 19, 1996, with seventy-six payments remaining due under the promissory note. This represented a balance due of $104,889.88. On August 7, 1996, First National Bank delivered the stock to appellee.

On December 31, 1996, appellants filed a complaint in equity to specifically enforce the 1981 contract, impose a constructive trust in their favor for all monthly payments due under the promissory note, set aside the 1993 agreement, require appellee to account for monthly payments on the promissory note, and enjoin appellee from disposing of the stock. Appellants alleged that the 1993 agreement lacked consideration. Appellee filed a motion for summary judgment or in the alternative motion to dismiss for failure to state facts on January 31, 1997, but never filed an answer to the appellants' complaint. Appellants responded to these alternative motions on February 27, 1997.

On that same date, appellants filed a first amended complaint in equity. The first amended complaint essentially sought the same relief as the original complaint, but it added an allegation that the consideration recited in the 1993 agreement was so insufficient and so inadequate as to be unconscionable as a matter of law and equity. Appellee never responded to the first amended

complaint, either by filing a new motion for summary judgment or dismissal, or by filing an answer.

On March 10, 1997, appellee requested that the matter be set on the trial court's contested docket at its earliest convenience. The trial court responded by letter dated March 21, 1997, notifying the parties that the case had been set for hearing on June 5, 1997. It appears from the record that the only motions pending at this time were appellee's alternative motions for summary judgment or dismissal.

At an earlier point in the proceedings, appellants' attempt to take appellee's deposition failed when the trial court granted appellee's motion for protective order. On April 11, 1997, appellants filed a second notice to take appellee's deposition. Appellee filed another motion for protective order on April 14, 1997.

The following day, April 15, 1997, without notice to the parties, the trial court entered its order granting summary judgment for the appellee. In the order, the chancellor stated that there was no issue of material fact and that appellee was entitled to judgment as a matter of law. The court found that appellee's motion for summary judgment should be granted for the following reasons: (1) that the cause of action was barred by the statute of limitations set forth in Ark. Code Ann. § 16-56-105 (1987); (2) that the appellants had no standing to complain of the matters alleged in the complaint, or first amended complaint; and (3) that the consideration stated in the 1993 agreement was conclusive evidence of the sufficiency of the consideration. The Court's order specifically stated that it granted appellee's motion for summary judgment; no mention was made of appellee's motion to dismiss.

Appellants filed a motion for reconsideration and motion for default judgment on April 22, 1997. Appellants noted their ongoing attempts to conduct discovery, and appellee's failure to respond to their first amended complaint. After the trial court denied the motions, appellants brought this appeal.

Our standard of review for an appeal from the grant of summary judgment is well-settled. We need only decide if the granting of summary judgment was appropriate based on whether

the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Milam v. Bank of Cabot*, 327 Ark. 256, 937 S.W.2d 653 (1997). However, if the parties agree on the facts, we simply determine whether the appellee was entitled to summary judgment as a matter of law. *Earp v. Benton Fire Dept.*, 52 Ark. App. 66, 914 S.W.2d 781 (1996).

■ ■ The rules concerning whether to grant a motion for summary judgment in the first instance are equally well-settled. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ark. R. Civ. P. 56(c). The burden in a summary-judgment proceeding is on the moving party and cannot be shifted when there is no offer of proof on a controverted issue; any doubts and inferences must be resolved against the moving party. *Schultz v. Farm Bureau Mut. Ins. Co.*, 328 Ark. 64, 940 S.W.2d 871 (1997). Where the decision on a question of law by the trial court depends upon an inquiry into the surrounding facts and circumstances, the trial court should refuse to grant a motion for summary judgment until the facts and circumstances have been sufficiently developed to enable the trial court to be reasonably certain that it is making a correct determination of the question of law. *First Nat'l Bank v. Newport Hosp. and Clinic, Inc.*, 281 Ark. 332, 663 S.W.2d 742 (1984).

On March 21, 1997, the trial court set this case for a one-hour hearing on June 5, 1997. Then, without notice to the parties and almost two months prior to the hearing date, the trial court granted appellee's motion for summary judgment. Appellant's second point on appeal questions the propriety of the grant of summary judgment in this context.

■ ■ "[A] motion for summary judgment should not be granted before the day scheduled for a hearing unless it clearly appears that the non-moving party could not produce proof contrary to the moving party's proof." *Baggett v. Bradley County Farmers Coop.*, 302 Ark. 401, 402, 789 S.W.2d 733, 734–35 (1990); *see*

*Ragar v. Hooper,* 298 Ark. 353, 767 S.W.2d 521 (1989). Having set this matter for a hearing, the trial court should not have granted summary judgment prior to the hearing unless it clearly appeared that appellants could produce no proof contrary to that advanced by appellee. *See Ragar, supra.* We recognize that if no hearing had been set, it would have been appellants' obligation to request additional time for discovery in their response to appellee's motion for summary judgment. *See Young v. Paxton,* 316 Ark. 655, 873 S.W.2d 546 (1994). However, we do not see the logic in requiring appellants to request additional time for discovery, when a hearing date has been set and appellants are attempting to complete discovery prior to that hearing date. We are therefore persuaded that this case is governed by *Baggett* and *Ragar.*

The trial court should not have granted appellee's motion for summary judgment prior to the scheduled hearing, unless it clearly appeared that appellants could not produce proof contrary to appellee's proof. In order to apply this rule, we must return to appellants' first point, and determine whether the trial court erred by granting summary judgment on the three issues it specifically addressed in its order.

The trial court first determined that appellants' cause of action was barred by the statute of limitations. It cited Arkansas Code Annotated § 16-56-105 (1987), which applies a three-year statute of limitations to a variety of actions. The trial court did not specify the manner in which it believed the statute should apply. Appellants argue that Arkansas Code Annotated § 16-56-111 (Supp. 1995) should apply; this section sets a five-year statute of limitations for actions on written contracts.

■ Appellants' first amended complaint seeks to specifically enforce the 1981 contract. Therefore, the five-year statute of limitations contained in § 16-56-111 applies to their complaint. *See Woods v. Wright,* 254 Ark. 297, 493 S.W.2d 129 (1973); *Hunter v. Connelly,* 247 Ark. 486, 446 S.W.2d 654 (1969). This statute began to run after Una Irene Ingram's death in July of 1996, when appellee ceased to make payments under the promissory note. *See Karnes v. Marrow,* 315 Ark. 37, 864 S.W.2d 848 (1993) (when a debt is payable in installments, the statute of limi-

tations runs against each installment from the time it becomes due); *Hunter, supra.*

■ Appellee contends that § 16-56-105 does apply, because appellants are primarily complaining about the circumstances surrounding the execution of the 1993 agreement. Appellants do appear to seek some relief in their first amended complaint based upon the execution of the 1993 agreement. However, the facts and circumstances surrounding the execution of the 1993 agreement are still at issue; they have not been sufficiently developed to enable the trial court to be reasonably certain that it was making a correct determination concerning the statute of limitations. Therefore, summary judgment was not proper. *See First Nat'l Bank v. Newport Hosp. and Clinic, Inc., supra.*

■ ■ The trial court also determined that appellants had no standing to complain of the matters alleged in the complaint or first amended complaint. We disagree. Una Irene Ingram provided in her living trust that, after her death, her interest in the sale of Commercial Underwriters, Inc., would be divided equally among appellants. Appellants thus have an interest in enforcing the 1981 contract, and will suffer financially if it is not upheld. Therefore, appellants have standing to bring this action. *See Gladden v. Bucy,* 299 Ark. 523, 772 S.W.2d 612 (1989). Appellee cites cases involving promises of future support; those cases are not controlling, because there is no evidence that any part of the consideration flowing from appellee to Una Irene Ingram consisted of a promise of future support. *See, e.g., Cannon v. Owens,* 224 Ark. 614, 275 S.W.2d 445 (1955)(noting the rule that when a promise of future support is made in good faith, the cause of action for its breach is personal to the promisee and cannot be asserted by his heirs).

Finally, the trial court found that the consideration stated in the 1993 agreement was conclusive evidence of the sufficiency of the consideration for the agreement. The trial court should be affirmed on this point, to the extent that appellants are arguing a lack of consideration. However, the trial court should be reversed and remanded on this point, to the extent that appellants argue that the consideration is so inadequate as to be unconscionable.

Appellee did not seek summary judgment as to·this argument, much less meet his burden of proof.

Appellants'·original complaint alleges that Una Irene Ingram received no consideration for executing the 1993 agreement. This is contrary to the 1993 agreement's recital of "$1.00 and other good and valuable consideration . . . ." Appellants cannot offer parol evidence to show the complete absence of any consideration. *See United Loan & Inv. Co. v. Nunez,* 225 Ark. 362, 282 S.W.2d 595 (1955)(the recital of consideration in a deed may be varied by parol for every purpose except to show that the deed was without consideration); *Tedford v. Tedford,* 224 Ark. 1035, 277 S.W.2d 833 (1955)(the only effect of a consideration clause in a deed is to estop the grantor from alleging that the instrument was executed without consideration, but for every other purpose it is open to explanation, and may be varied by parol proof). Thus, the trial court's grant of summary judgment is affirmed, as to appellants' allegation in their complaint that there is a complete lack of consideration.

However, in their first amended complaint, appellants added an allegation that the consideration recited in the 1993 agreement was so insufficient and inadequate as to be unconscionable as a matter of law. While the 1993 agreement acknowledges the *receipt* of consideration, it does not specify what that consideration actually was. Because the recital of consideration is in the nature of a receipt, parol evidence may be offered to explain the true consideration of the contract or to show the consideration actually received. *See Pepin v. Hoover,* 205 Ark. 251, 168 S.W.2d 390 (1943); *Guinn v. Holcombe,* 29 Ark. App. 206, 780 S.W.2d 30 (1989).

Thus, the trial court's decision to grant summary judgment as to appellants' first amended complaint, and its allegation of inadequate or unconscionable consideration, must be reversed. It should be noted that appellee never moved for summary judgment with regard to the first amended complaint. Further, appellants were entitled to produce parol evidence concerning the consideration actually received; appellee never

produced any proof on this point. Therefore, summary judgment was improper. *See Schultz, supra.*

▮ Applying the rule articulated in *Baggett* and *Ragar*, it becomes apparent that appellee's motion for summary judgment should not have been granted prior to the day scheduled for the hearing. It is not clear that appellants could not produce proof contrary to appellee's proof, or that appellee was entitled to judgment as a matter of law, except with regard to appellants' allegation that no consideration supported the 1993 agreement. Therefore, with the exception of this sole point, the trial court's grant of summary judgment must be reversed and the case remanded for further proceedings consistent with this opinion.

▮ Appellants' final point on appeal concerns the trial court's denial of their motion for default judgment. The motion was filed after the trial court granted appellee's motion for summary judgment. It appears to us that the trial court considered the motion for default judgment to be moot; it had already disposed of the case based upon statute of limitations and standing concerns. Because we are reversing the trial court's grant of summary judgment, we believe it would be appropriate to return this entire matter to the trial court for further consideration, consistent with this opinion. Therefore, we reverse the trial court's denial of the motion for default judgment, and remand this issue. *See* Ark. Code Ann. § 16-67-325 (1987).

To summarize, the trial court's grant of summary judgment is affirmed with regard to appellants' allegation that no consideration supported the 1993 agreement. Otherwise, the trial court's grant of summary judgment is reversed and remanded for further proceedings consistent with this opinion. We do not consider appellant's argument concerning the denial of their motion for default judgment.

Affirmed in part; reversed and remanded in part.

BIRD and ROGERS, JJ., agree.