Russell Eugene LOGHRY, *Individually* and as *Husband* and *Administrator* of the Estate of Ann Marie Loghry, *Deceased v.* ROGERS GROUP, INC.; Ben L. Rechter; National Union Fire Insurance Company; and Hartford Fire Insurance Company

01-1309                                          72 S.W.3d 499

Supreme Court of Arkansas
Opinion delivered April 25, 2002

*Gary Eubanks & Associates*, by: *William Gary Holt* and *Robert S. Tschiemer*, for appellant.

*Laser Law Firm*, by: *Sam Laser*, for appellee Hartford Insurance Company.

*Huckabay, Munson, Rowlett & Moore, P.A.*, by: *Bruce Munson* and *Julia L. Busfield*, for appellee National Union Fire Insurance Company.

A NNABELLE CLINTON IMBER, Justice. This case arises from a fatal accident. Appellant Russell Eugene Loghry contends that the type of asphalt used on the highway caused the accident. Mr. Loghry, individually and as husband and administrator of the estate of Ann Marie Loghry, deceased, filed a negligence action against the Rogers Group, Inc., Ben L. Rechter, Hartford Fire Insurance Company, and National Union Fire Insurance Company.[1] The trial court granted the Rogers Group and Mr. Rechter's motions for summary judgment and the insurance companies' motions to dismiss. We affirm the trial court's rulings.

The facts in this case are largely undisputed. On December 21, 1998, Ann Marie Loghry was traveling on Highway 65 just north of Conway. It was raining slightly. The car driven by Mrs. Loghry crossed the center line and collided with a car driven by

---

[1] The original action also alleged claims against John Does 1 to 5, but the claims against the unknown tortfeasors were later dismissed.

Deborah Engelhardt, killing both Mrs. Loghry and Ms. Engelhardt. The parties disagree as to the cause of the accident. Mr. Loghry alleges that the car suddenly and without warning hydroplaned, while the defendants allege that the accident was caused by Mrs. Loghry's own negligence.

The accident occurred on a 6.28 mile section of highway that had been resurfaced with Type 3 asphalt. The engineer who designed the Type 3 asphalt, Steven Garrett, stated in an affidavit that the Type 3 mix asphalt was primarily designed for use on parking lots, overlays, potholes, and low volume highways and that it could sometimes cause hydroplaning during heavy rains. The Arkansas State Highway and Transportation Department requested bids to resurface the 6.28 miles of Highway 65 using Type 3 asphalt. The Rogers Group was the successful bidder. In accordance with the bid requirements, the contract between the Rogers Group and the Highway Department specified Type 3 asphalt. The Highway Department approved the Type 3 asphalt mix; supervised the resurfacing daily; tested the asphalt mix periodically; and, upon completion of the resurfacing and final inspection, certified that the Rogers Group had completed the job according to the contract specifications.

The trial court granted the motions for summary judgment filed by the Rogers Group and Mr. Rechter. In so ruling, the trial court concluded that because the Rogers Group had repaved the highway according to the plans and specifications of the Highway Department and under the close supervision of the Highway Department, the Rogers Group was immune from liability under the acquired-immunity doctrine. Furthermore, the trial court concluded that the decision to use Type 3 asphalt was made by the Highway Department, and not by the Rogers Group. Because Mr. Loghry failed to present evidence that Mr. Rechter, vice-president of the Rogers Group, engaged in any independent act of negligence, the trial court also ruled that he was entitled to summary judgment. As to Mr. Loghry's claim of negligent performance of the contract, an exception to the doctrine of acquired

immunity, the trial court granted summary judgment in favor of the Rogers Group and Mr. Rechter. The claims against the two insurance companies were dismissed because the insurance carriers could not be liable if the Rogers Group was not liable. In a final order and settlement of the record, the trial court dismissed claims against five unknown tortfeasors, added two documents to the record that were erroneously omitted from the original record, and denied Mr. Loghry's request for permission to undertake additional discovery.

On appeal, Mr. Loghry raises one point on appeal with four subpoints. Mr. Loghry's overall contention on appeal is that the trial court erred in granting summary judgment based on the acquired-immunity doctrine. The substance of Mr. Loghry's argument on appeal is set forth in the following four subpoints: (1) that the acquired-immunity defense is no longer viable or should be abrogated; (2) that even under the acquired-immunity doctrine, genuine issues of fact remain as to whether the Rogers Group negligently performed the contract;[2] (3) if the acquired-immunity doctrine protects the Rogers Group and Mr. Rechter, a direct carrier action is proper under Ark. Code Ann. § 23-79-210; and (4) the trial court erred in denying Mr. Loghry additional time to complete discovery.

The first three subpoints are identical to those raised and rejected by this court in the companion case of *Smith v. Rogers Group, Inc.*, 348 Ark. 241, 72 S.W.3d 450 (2002). The trial court in this case reviewed and considered the same affidavits, depositions, and exhibits that were before the trial court in the *Smith* case.[3] Accordingly, we deem it unnecessary to reiterate in the instant case what was said in the companion case bearing upon these points, and we adopt and incorporate herein by reference

---

[2] This subpoint includes no argument concerning any alleged independent act of negligence on the part of Mr. Rechter.

[3] Although two of the exhibits were belatedly filed in the *Smith* case, they were nonetheless considered by the trial court in that case. *Smith v. Rogers Group, Inc., supra.*

the reasoning set forth in *Smith v. Rogers Group, Inc., supra.* Thus, we affirm the trial court on the first three subpoints.

■ ■ Mr. Loghry's last subpoint on appeal is that the trial court erred in granting the motions for summary judgment and dismissal before he had time to complete his discovery. In his response to the motion for summary judgment, Mr. Loghry stated:

> Plaintiff further notes that discovery is continuing in this case with Highway Department depositions being scheduled, as well as that of Defendant Rechter, and it would be improper for the Court to consider summary judgment until completion of discovery. Plaintiff requests that the Court grant a reasonable time to complete discovery.[4]

While it is appropriate to present a request for additional time in the response to summary judgment, that request must comply with Ark. R. Civ. P. 56(f). *Young v. Paxton*, 316 Ark. 655, 873 S.W.2d 546 (1994). Rule 56(f) provides as follows:

> (f) *When Affidavits Are Unavailable.* Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Ark. R. Civ. P. 56(f) (2000, 2001). A trial court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed by this court absent abuse of discretion that is prejudicial to the appealing party. *Alexander v. Flake*, 322 Ark. 239, 910 S.W.2d 190 (1995); *Rankin v. Farmers Tractor & Equipment Co., Inc.*, 319 Ark. 26, 32, 888 S.W.2d 657, 660

---

[4] Subsequent to the grant of summary judgment, Mr. Loghry proffered Mr. Rechter's deposition taken on March 14, 2001, and advised the court that he wanted to depose two Highway Department employees: Jim Gee, who approved the Type 3 asphalt mix, and C.W. McMillian, the resident engineer.

(1994); *Jenkins v. Int'l Paper Co.*, 318 Ark. 663, 887 S.W.2d 300 (1994).

■ Here, Mr. Loghry did not comply with Rule 56(f). He merely requested "a reasonable time to complete discovery" and did not state that he was unable to present evidence in opposition to the motion for summary judgment. Furthermore, Mr. Loghry fails to demonstrate how the additional discovery would have changed the outcome of the case. He filed an extensive brief in support of his response to the motion for summary judgment and attached six exhibits: the affidavits of two engineers, Steven Garrett and James A. Scherocman; the contract between the Rogers Group and the Highway Department; the 1993 Standards for Highway Construction; the answers to interrogatories and responses to requests for documents filed by the Rogers Group in the *Smith* case; and deposition testimony given in the *Smith* case by a quality control supervisor for the Rogers Group, Eddie Riedmueller. The latter two exhibits reflect that the *Smith* case had been pending since 1998. Under these circumstances, we cannot say that the trial court abused its discretion in denying additional time for discovery.[5]

■ ■ Because Mr. Loghry requested a hearing and did not receive a hearing, he asserts a due process violation. However, the decision to hold a hearing on a motion for summary judgment is discretionary, not mandatory. Ark. R. Civ. P. 56(c) (2001); *Campbell v. Bard*, 315 Ark. 366, 868 S.W.2d 62 (1993). Because Mr. Loghry offers no argument as to how the trial court abused its discretion in failing to conduct a hearing, his contention is without merit.

Affirmed.

GLAZE, J., not participating.

---

[5] We note that effective February 1, 2001, Ark. R. Civ. P. 56(c) was amended to establish a time frame for the parties to follow in connection with motions and proceedings under the rule. *See* Addition to Reporter's Notes, 2001 Amendments, Ark. R. Civ. P. 56 (2001). Mr. Loghry failed to comply with Rule 56(c), as amended.