TAY-TAY, INC., Arkansas Payday Check Cashers, Inc.,
Two Cluck, Inc., d/b/a Payday Advance, and Jim Mead *v.*
Brandon YOUNG, Jimmie Sue Spencer, and Karla Blackford

01-1355                                                78 S.W.3d 721

Supreme Court of Arkansas
Opinion delivered June 20, 2002

*Mixon Parker & Hurst, PLC,* by: *Donald L. Parker, II,* and
*Harry S. Hurst, Jr.*; and *Wright, Lindsey & Jennings, LLP,* by: *Claire
Shows Hancock,* for appellants.

*Morgan & Turner,* by: *Todd Turner*; and *Orr, Scholtens, Willhite
& Averitt, PLC,* by: *Chris Averitt,* for appellees.

ANNABELLE CLINTON IMBER, Justice. This is one of a
number of similar cases to come before this court
involving check-cashing businesses. Brandon Young, Jimmie Sue
Spencer, and Karla Blackford are representatives of a class of cus-
tomers that utilized the deferred-presentment check-cashing ser-
vices of Tay-Tay, Inc., Arkansas Payday Check Cashers, Inc., Two
Cluck, Inc., d/b/a Payday Advance, and Jim Mead (hereinafter
referred to jointly as "Tay-Tay"). On August 17, 2001, the trial
court denied Tay-Tay's motion to compel arbitration. Tay-Tay
raises two points on appeal. First, Tay-Tay contends that the trial
court erred in determining that the arbitration provision was
unenforceable for lack of mutuality. Second, Tay-Tay asserts that
the trial court erred in ruling that the arbitration provision was
unconscionable. We hold that the arbitration provision is unen-
forceable for lack of mutuality and affirm.

The facts of this case are not in controversy. The class members utilized Tay-Tay's deferred-presentment check-cashing services and paid fees, which if deemed to be interest would include annual interest rates of 300% to over 700%. Two types of agreements were used with customers — one had an arbitration clause and the other did not. Only the agreements with an arbitration clause are at issue in the instant appeal.

The points Tay-Tay raises on appeal are identical to those raised and rejected by this court in the companion case of *The Money Place, LLC v. Barnes*, 349 Ark. 411, 78 S.W.3d 714 (2002). The arbitration provision in the Tay-Tay Deferred Presentment Agreement is the same as the arbitration provision in The Money Place Deferred Presentment Agreement. The trial court reviewed both agreements, considered identical motions to compel arbitration, heard similar arguments, and issued virtually identical orders — only the names of the parties differed. Accordingly, we deem it unnecessary to reiterate in the instant case what has been said in the companion case bearing upon these points, and we adopt and incorporate herein by reference the reasoning set forth in *The Money Place, LLC v. Barnes, supra. See Loghry v. Rogers Group, Inc.*, 348 Ark. 369, 72 S.W.3d 499 (2002). The trial court did not err in denying Tay-Tay's motion to compel arbitration. Because we hold the arbitration provision unenforceable based upon a lack of mutuality, we need not reach the issue of unconscionability.

Affirmed.

GLAZE, J., not paticipating.