THE/FRE, INC., *d/b/a* Pay-Less Check Advance, Reap, Inc.,
*d/b/a* Pay-Less Check Advance, and Fred Pearson,
Individually and *d/b/a* Pay-Less Check Advance *v.*
Sheila MARTIN, Rick Ingram, and Jimmie Sue Spencer,
Individually and *o/b/o* A Class of Similarly Situated Persons

01-1371                                                     78 S.W.3d 722

Supreme Court of Arkansas
Opinion delivered June 27, 2002

*Mixon Parker & Hurst, PLC,* by: *Donald L. Parker, II,* and
*Harry S. Hurst, Jr.;* and *Wright, Lindsey & Jennings, LLP,* by: *Claire
Shows Hancock,* for appellants.

*Morgan & Turner,* by: *Todd Turner;* and *Orr, Scholtens, Willhite
& Averitt, PLC,* by: *Chris Averitt,* for appellees.

ANNABELLE CLINTON IMBER, Justice. This is one of a
number of similar cases to come before this court
involving check-cashing businesses. Sheila Martin, Rick Ingram,
and Jimmie Sue Spencer are representatives of a class of customers
that utilized the deferred-presentment check-cashing services of
THE/FRE, Inc., d/b/a Pay-Less Check Advance, Reap, Inc.,
d/b/a Pay-Less Check Advance, and Fred Pearson, individually
and d/b/a Pay-Less Check Advance (hereinafter referred to jointly
as "THE/FRE"). On August 17, 2001, the trial court denied
THE/FRE's motion to compel arbitration. THE/FRE raises two
points on appeal. First, THE/FRE contends that the trial court
erred in determining that the arbitration provision was unenforce-

able for lack of mutuality. Second, THE/FRE asserts that the trial court erred in ruling that the arbitration provision was unconscionable. We hold that the arbitration provision is unenforceable for lack of mutuality and affirm.

The facts of this case are not in controversy. The class members utilized THE/FRE's deferred-presentment check-cashing services and paid fees, which if deemed to be interest would include annual interest rates of 300% to over 700%. Two types of agreements were used with customers — one had an arbitration clause and the other did not. Only the agreements with an arbitration clause are at issue in the instant appeal.

The points THE/FRE raises on appeal are identical to those raised and rejected by this court in the companion case of *The Money Place, LLC v. Barnes*, 349 Ark. 411, 78 S.W.3d 714 (2002). The same arbitration provisions are included in both the THE/FRE and The Money Place Deferred Presentment Agreements. The trial court reviewed both agreements, considered identical motions to compel arbitration, heard similar arguments, and issued virtually identical orders — only the names of the parties differed. Accordingly, we deem it unnecessary to reiterate in the instant case what has been said in the companion case bearing upon these points, and we adopt and incorporate herein by reference the reasoning set forth in *The Money Place, LLC v. Barnes*, *supra*. See *Loghry v. Rogers Group, Inc.*, 348 Ark. 369, 72 S.W.3d 499 (2002). The trial court did not err in denying THE/FRE's motion to compel arbitration. Because we hold the arbitration provision unenforceable based upon a lack of mutuality, we need not reach the issue of unconscionability.

Affirmed.

GLAZE, J., not participating.