F&G FINANCIAL SERVICES, INC. *d/b/a* Cash Advance Now,
and Cash Advance of Jonesboro, LLC, *d/b/a* Cash Advance Now
*v.* Dorothy BARNES and Jimmie Sue Spencer, Individually
and *o/b/o* A Class of Similarly Situated Persons

01-1356 · 78 S.W.3d 720

Supreme Court of Arkansas
Opinion delivered June 27, 2002

*Mixon, Parker, & Hurst, PLC,* by: *Donald L. Parker, II* and
*Harry S. Hurst, Jr.; Wright, Lindsey & Jennings, LLP,* by: *Claire
Shows Hancock,* for appellants.

*Orr, Scholtens, Willhite, & Averitt, PLC,* by: *Chris A. Averitt;
Morgan & Turner,* by: *Todd Turner,* for appellees.

RAY THORNTON, Justice. This case is one of several
similar cases involving check-cashing businesses using
agreements containing an arbitration clause and the denial of their

motions to compel arbitration. *See THE/FRE, Inc. v. Martin*, 349 Ark. 503, 78 S.W.3d 722 (2002); *Tay-Tay, Inc. v. Young*, 349 Ark. 369, 78 S.W.3d 721 (2002); *The Money Place, LLC v. Barnes*, 349 Ark. 411, 78 S.W.3d 714 (2002).

Appellees, Dorothy Barnes and Jimmie Sue Spencer, representatives of a class of similarly situated individuals, filed this action in February 2001, alleging that the check cashing transactions in which they engaged with appellants were actually loans and that the fees charged by appellants were usurious interest, in violation of Article 19, section 13, of the Arkansas Constitution.

All these cases involve a similar fact pattern. Appellees used the services of check-cashing businesses whose contracts contained arbitration clauses. We note that the issues presented in these cases involve substantially the same arbitration clause and basic contract, and the analysis of the issues and applicable principles of law lead us to the same conclusion and holding.

Appellant check-cashers sought by motion to compel arbitration and to stay the proceedings in the trial court. The trial court denied the motion, finding a lack of mutuality in the arbitration agreement under the reasoning of *Showmethemoney Check Cashers, Inc. v. Williams*, 342 Ark. 112, 27 S.W.3d 261 (2000). The trial court further found that the arbitration agreement was unenforceable on the basis of unconscionability. The order was entered on August 17, 2001, and it is from that order that appellants appeal.

Appellants argue two points on appeal. First, appellants argue that the trial court erred in determining that the arbitration agreement was unenforceable for its lack of mutuality. Second, appellants argue that the trial court erred in determining that the arbitration clause was unconscionable. We affirm the trial court, holding that the trial court did not err in determining that the arbitration agreement was unenforceable for lack of mutuality. Having affirmed the trial court's decision that the arbitration clause was unenforceable, we need not address other issues such as the unconscionability of the arbitration clause.

The two points on appeal in *The Money Place, supra,* are identical to the issues raised in instant case, both at the trial court

level and now. Because the agreements contained the same arbitration clause, and because the issues are the same, we adopt and incorporate by reference the reasoning set forth in *The Money Place, supra.*

Accordingly, we affirm.

GLAZE, J., not participating.