

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–14–557

| | |
|---|---|
| | **Opinion Delivered** January 28, 2015 |
| ANTHONY GEORGE; HEART & SOUL, LLC d/b/a THE HEART & SOUL CLUB and d/b/a PNC CLUB; RICOTTA LAMBERT; NECA SCARBER; and VERA GEORGE<br>APPELLANTS | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV 2011-101.1] |
| | HONORABLE XOLLIE DUNCAN, JUDGE |
| V. | |
| GREAT LAKES REINSURANCE (UK) PLC<br>APPELLEE | |
| | AFFIRMED |

## BRANDON J. HARRISON, Judge

The Benton County Circuit Court granted summary judgment to Great Lakes Reinsurance (UK) PLC. It ruled that Great Lakes had no duty to defend or indemnify separate claims made against the insured (George) because no possibility of coverage existed under the insurance policy. The claims that triggered this coverage dispute were filed in a related circuit-court case. The court found that the commercial general liability policy in this case was unambiguous in excluding coverage for claims arising from an assault or battery that spawned the separate case. George appeals, arguing that the insurance policy is ambiguous. We affirm the circuit court.

I.

The facts are undisputed. George, through appellant Heart & Soul, LLC, owns a facility in Columbia County that is rented out for dances, parties, and other events. At one of these events, a gunman fired into the crowd and injured several people. Two of those injured, appellants Ricotta Lambert and Neca Scarber, were shot and later filed suit (the underlying action) in Columbia County against George, his LLC, and several John Does, alleging that George and his LLC were negligent in failing to protect them and seeking compensatory and punitive damages.

When the events leading to the underlying action occurred, George was insured under a commercial general liability insurance policy issued by Great Lakes. Under the policy's liability coverage, Great Lakes agreed to pay damages for bodily injuries caused by an "occurrence." The policy defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

There was also exclusionary language in section 1 of the policy:

2.  Exclusions

This insurance does not apply to:

a.  Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the Insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

At the time of the policy's issuance, there was also a Combination Endorsement -1. That endorsement specifically excluded coverage for bodily injuries that arise out of an

assault or battery, or coverage for punitive damages—both of which were asserted in the underlying action. The endorsement's "bodily injury" exclusion provides as follows:

> 2.    EXCLUSION - EXPECTED OR INTENDED INJURY AND ASSAULT OR BATTERY
>
> Exclusion a. of Coverage A (Section I) is deleted and replaced with the following:
>
> "Bodily injury" or "property damage":
>
> (1)  expected or intended from the standpoint of any insured;
>
> (2)  arising out of assault or battery, or out of any act or omission in connection with assault or battery, or with the prevention or suppression of an assault or battery; or
>
> (3)  arising out of charges or allegations of negligent hiring, training, placement or supervision with respect to (1) or (2) above.

George notified Great Lakes of the underlying action, and Great Lakes notified George that it was providing a defense under a reservation of rights because the policy unambiguously excluded coverage for the claims in the underlying action. Great Lakes then filed this declaratory-judgment case, asserting that it did not have a duty to defend or indemnify George. Great Lakes moved for summary judgment and asked the court to order that George had no coverage under the policy.  George also moved for summary judgment, arguing that the policy was ambiguous and should therefore be construed against the drafter to provide coverage for the underlying suit.

As stated earlier, the court ruled that the policy language was not ambiguous and excluded coverage for acts or omissions arising from an assault or battery. The court further found that the applicable exclusionary language was contained in an endorsement, that the endorsement was a part of the insurance contract, and that the endorsement

expressly deleted and replaced the exclusionary language in the Commercial General Liability Coverage Form. Therefore, the policy did not apply to the claims asserted against George in the underlying action because those claims were excluded, and Great Lakes was not obligated to defend the action.

II.

Because this case comes to us from an order of summary judgment where the parties agree that there are no facts in dispute, our review focuses on the circuit court's application of the law to the facts. *Harasyn v. St. Paul Guardian Ins. Co.*, 349 Ark. 9, 75 S.W.3d 696 (2002); *Chamberlin v. State Farm Mut. Auto. Ins. Co.*, 343 Ark. 392, 36 S.W.3d 281 (2001). We give the circuit court's conclusions of law no deference on appeal. *Morningstar v. Bush*, 2011 Ark. 350, 383 S.W.3d 840.

George argues on appeal that this endorsement is not part of the insurance contract because it was not listed on the first page of the policy, which is captioned "Common Policy Declarations." The endorsement is, however, listed as one of the forms and endorsements in the commercial general-liability-coverage declarations page. And George initialed and dated each page of the insurance contract, including the one containing the endorsement with the assault-or-battery exclusion. Although the endorsement was not listed on one declarations page, it was listed on a separate declarations page; it was attached to the policy when it was issued; and George dated and initialed each page. We affirm the circuit court's decision that the assault-or-battery endorsement was part of the insurance contract's terms.

Having settled the contract's terms, we turn to George's primary argument, which is that the presence of the bodily-injury exclusion in the main body of the policy is made ambiguous by the presence of an assault-or-battery endorsement. We disagree. The presence of an endorsement in and of itself does not make the insurance contract ambiguous.

The endorsement expressly states: "THIS ENDORSEMENT *CHANGES* THE POLICY. PLEASE READ IT CAREFULLY." (Emphasis added.) By use of the word "changes," the endorsement clearly advised Great Lakes' insureds, like George, that it was making the scope of coverage different than what it would have been under the original policy. The endorsement's plain language also states that the personal-injury exclusion in the policy's main body "is deleted and replaced," substituting the provisions in the endorsement for those in the basic policy.

Generally, exclusions in a policy or its endorsements are as much a part of the contract as other parts and must be given the same consideration in determining what coverage exists. *Schultz v. Farm Bureau Mut. Ins. Co.*, 328 Ark. 64, 940 S.W.2d 871 (1997). George's argument stumbles over the well-established rule of insurance law that where provisions in the body of the policy conflict with an endorsement or a rider, the provision of the endorsement governs. *See, e.g.*, *Union Elec. Co. v. AEGIS Energy Syndicate 1225*, 713 F.3d 366, 368 (8th Cir. 2013); *Hendricks v. Curators of Univ. of Mo.*, 308 S.W.3d 740, 746 (Mo. Ct. App. 2010); 2 *Couch on Insurance* §§ 21:21, 21:22 (3d ed. 1996). The more specific and more limiting language of the endorsement controls the more general

exclusion that it replaces, and the two are not "irreconcilably inconsistent," as George argues.

The circuit court correctly found that the policy excluded any potential insurance coverage for the events asserted in the underlying action in Columbia County. Because there is no ambiguity in the policy, we need not consider George's second point where he argues that he is entitled to summary judgment.

Affirmed.

ABRAMSON and GLOVER, JJ., agree.

*Taylor Law Partners, LLP*, by:  *Williams B. Putman*, for appellants.

*Bassett Law Firm LLP*, by:  *Shannon L. Fant* and *Dale W. Brown*, for appellee.